John L. Lohr, Jr. (SBN 019876)
Jackson D. Hendrix (SBN 036452)
**HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**
8706 E. Manzanita Drive, Suite 100
Scottsdale, AZ 85258
Telephone: (480) 991-9077
Email: jll@hgplaw.com
jhendrix@hgplaw.com
Minute@hgplaw.com
*Attorneys for Plaintiff*

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
8706 E. Manzanita Dr., Suite 100
Scottsdale, Arizona 85258
Telephone: 480-991-9077 / Facsimile: 480-443-8854

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Gary R. King and Kathy E. King, | Case No. |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| United States Small Business Administration; National Cooperative Bank I, Inc., a Delaware corporation, | |
| Defendants. | |

Plaintiffs, Gary R. King and Kathy E. King, for their Complaint against Defendants United States Small Business Administration and National Cooperative Bank I Inc., a Delaware corporation, state and allege as follows:

## NATURE OF THE ACTION

1. This action is one brought under Arizona state law seeking declaratory relief and the release of two Deeds of Trust on properties located in Maricopa and Navajo Counties, Arizona.

2. Gary King and Kathy King took out a loan from National Cooperative Bank I, Inc., a Delaware corporation ("NCB") with the two Properties located in Maricopa and Navajo Counties as security.

3. The United States Small Business Administration ("SBA") guaranteed the loan.

23538-00:PD 2772994v4

4.    Plaintiffs stopped paying the loan in 2009 and filed for bankruptcy in 2011.

5.    Plaintiffs were granted a discharge and thus now seek to have the Deeds of Trust on each Property released by Defendants SBA and NCB, as the statute of limitations have run under Arizona law, pursuant to A.R.S. § 12-548 and Plaintiffs are no longer liable for the debt secured under the Deed of Trust, pursuant to 11 U.S.C. § 524(a).

6.    NCB and SBA can no longer foreclose their interests on Plaintiffs' properties.

7.    Plaintiffs seek an Order from the Court determining that both NCB's and SBA's Deeds of Trust are void or otherwise unenforceable.

8.    Plaintiffs also seek an Order determining that Defendants no longer have interest in the Properties, and are forever enjoined and barred from asserting any claim or interest in the Properties.

## **PARTIES, JURISDICTION, AND VENUE**

9.    Gary King is an individual who is a citizen of the state of Arizona.

10.    Kathy King is an individual who is a citizen of the state of Arizona.

11.    NCB is a corporation incorporated in the state of Delaware.

12.    SBA is a United States government entity that maintains district offices in the state of Arizona.

13.    The real properties at issue in this action are located in Maricopa and Navajo Counties, Arizona.

14.    NCB may have an interest in the real property at issue in this action through a certain deed of trust recorded in the records of Maricopa County, Arizona at Instrument No. 2004-0514068, as well as the property located in Navajo County at Instrument No. 2004-10107.

15.    SBA may have an interest in the real property at issue in this action through a certain deed of trust recorded in the records of Maricopa County, Arizona at Instrument No. 2004-0514068, as well as the property located in Navajo County at Instrument No. 2004-10107.

16.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity and the damages, exclusive of interest and costs, exceeds $75,000.00.

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
8706 E. Manzanita Dr., Suite 100
Scottsdale, Arizona 85258
Telephone: 480-991-9077 / Facsimile: 480-443-8854

23538-00:PD 2772994v4

17.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the Plaintiffs' claims occurred in this District.

## GENERAL ALLEGATIONS

18.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as if fully set forth herein.

19.    Plaintiffs own the real properties located at 6714 E. Rustic Drive, Mesa, AZ 85215, Maricopa Assessor's Parcel No. 141-71-041, and 1514 Mainline Road, Heber, AZ 85298, Navajo Assessor's Parcel No. 207-33-039 (the "Properties").  The Properties are also identified with the legal description as follows:

6714 E. Rustic Drive, Mesa, AZ 85215:

**Lot Forty-one (41), AMENDED SKYWAY VILLAGE UNIT ONE, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, in Book 78 of Maps, page 31.**

**Being the same property conveyed to Gary R. King and Kathy E. King, husband and wife, from Williams Development Co., Inc., an Arizona corporation by Joint Tenancy Deed dated October 1, 1986, and recorded October 8, 1986 in Instrument No. 86-551643.**

1514 Mainline Road, Heber, AZ 85298:

**Lot 39, of High Country Pine II-Unit 1, according to the plat of record in the Office of the County Recorder of Navajo County, Arizona, recorded in Book 18 of Maps, Pages 64-66.**

**Being the same property conveyed to Gary R. King and Kathy E. King, husband and wife from Paul A. Slater and Margie D. Slater, husband and wife by Warranty Deed dated 06/12/2003 and recorded 07/03/2003 in Instrument No. 2003-16093**

20.    True and accurate copies of the deeds granting Plaintiffs title to the Properties are attached hereto as **Exhibits "1-2"**.

21.    In 2004, Plaintiffs took out a loan with the Properties used as security with NCB, where the SBA guaranteed the loans.

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
8706 E. Manzanita Dr., Suite 100
Scottsdale, Arizona 85258
Telephone: 480-991-9077 / Facsimile: 480-443-8854

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
8706 E. Manzanita Dr., Suite 100
Scottsdale, Arizona 85258
Telephone: 480-991-9077 / Facsimile: 480-443-8854

22.    The security for the loans were recorded through deeds of trust recorded in Maricopa County, Arizona, Record No. 2004-0514068 and Navajo County, Record No. 2004-10107.

23.    True and accurate copies of the Deeds of Trust for the Maricopa County and Navajo County Properties are attached hereto as **Exhibits "3-4"**.

24.    In December of 2017, the Beneficial interests in said Deeds of Trust were assigned to the SBA through Assignments of the Deed of Trust in 2017, each recorded in Maricopa County at Record No. 2018-0003472, and Navajo County at Record No. 2018-00118, signed by David Schallich, Senior Vice President of National Cooperative Bank.

25.    True and accurate copies of the Assignments of the Deeds of Trust in Maricopa and Navajo Counties are attached hereto as **Exhibits "5-6."**

26.    Plaintiffs stopped paying the loans in 2009.

27.    In January of 2011, the Kings filed for Chapter 7 Bankruptcy.

28.    Plaintiffs were granted a discharge pursuant to Chapter 7 of the Bankruptcy Code.

29.    A true and accurate copy of the Notice of Discharge is attached hereto as **Exhibit "7."**

30.    On December 18, 2023, Plaintiffs, through undersigned counsel, sent a letter by U.S. Mail to Defendants NCB and SBA demanding it sign a deed releasing its interest in the Property, as the debt is no longer enforceable because the six-year statute of limitations have run pursuant to pursuant to A.R.S. § 12-548 and because Plaintiffs were granted a discharge of their debt  and are no longer liable for the debt secured under the Deed of Trust, pursuant to 11 U.S.C. § 524(a).

31.    A true and accurate copy of the letter is attached hereto as **Exhibit "8"**.

32.    Pursuant to A.R.S. § 12-1102, enclosed with that letter to Defendants were deeds of release and reconveyance for Defendants to execute and a check made out to Defendants for $5.00.

33.    Defendants did not timely respond to the demand letter.

4

34.    Defendants can no longer foreclose their interests on the subject Properties because the Statute of Limitations in Arizona has run, pursuant to A.R.S. § 12-548.

35.    In addition, the underlying debt was discharged in bankruptcy pursuant to 11 U.S.C. § 524(a).

36.    Plaintiff is entitled to its costs and attorneys' fees pursuant to A.R.S. §§ 12-341, 12-341.01, 12-1103, 33-420 or as otherwise allowed by law.

### FIRST CLAIM FOR RELIEF

### (Quiet Title)

37.    Plaintiffs reallege and incorporate by reference the preceding paragraphs as if fully set forth herein.

38.    This cause of action is brought pursuant to A.R.S. § 12-1101 *et seq*.

39.    Plaintiffs have interest in and holds legal title to the Properties.

40.    Defendants claim an interest in the Property adverse to that of Plaintiff which is groundless and based upon a lien or interest that is no longer enforceable under Arizona law.

41.    Pursuant to A.R.S. § 12-1104, since the debts are barred by the statute of limitations, Plaintiffs "shall be entitled to judgment barring and forever estopping assertion of the interest or lien in or to or upon the real property adverse to plaintiff."

42.    Plaintiffs are therefore entitled to this Court's order that the Property be declared to be titled in Plaintiffs' name free from any lien or interest of Defendants.

43.    Plaintiffs are entitled to recover its reasonable attorney's fees and costs for having to bring this quiet title action pursuant to A.R.S. §§ 12-341, 12-341.01, 12-1103, or as otherwise allowed by law.

### SECOND CLAIM FOR RELIEF

### (Wrongful Refusal to Release Lien in Violation of A.R.S. § 33-420)

44.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

45.    Defendants knew or had reason to know that its interests under the deed of trust described in this Complaint are no longer valid as a lien on the Property.

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
8706 E. Manzanita Dr., Suite 100
Scottsdale, Arizona 85258
Telephone: 480-991-9077 / Facsimile: 480-443-8854

23538-00:PD 2772994v4

46.    Because the debts secured by the deeds of trust described in this Complaint are now invalid and unenforceable, pursuant to A.R.S. § 33-707, Defendants were required to record a release of those certain deeds of trust.

47.    Pursuant to A.R.S. § 33-420, the recorded deeds of trust described in this Complaint should be released from the Property.

48.    Pursuant to A.R.S. §§ 33-420 Defendants are liable to Plaintiffs in the statutory amount of up to $5,000.00 for statutory damages.

49.    Defendants refused to release the deeds of trust described in this Complaint after Plaintiffs informed Defendants, in writing, that the deeds of trust were void and unenforceable.

50.    Pursuant to A.R.S. § 33-420(C), Defendants are liable to Plaintiffs for statutory damages of not less than $1,000 for refusing to release the deeds of trust described in this Complaint after receiving Plaintiffs' written request.

51.    Alternatively, because of Defendants' actions as stated above, Plaintiffs have suffered actual damages in such an amount that will be proven at trial and those actual damages should be trebled pursuant to A.R.S. § 33-420.

52.    Pursuant to A.R.S. § 33-420, Plaintiffs are also entitled to its reasonable attorney's fees and costs.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment)

53.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

54.    Plaintiffs have interest in and holds legal title to the Properties.

55.    Defendants claim interests in the Properties adverse to that of Plaintiffs which are groundless and based upon liens and deeds of trust that are no longer enforceable under Arizona law.

56.    There is an actual and justiciable controversy between Plaintiffs and Defendants.

57.    Plaintiffs are entitled to a judicial determination of Plaintiffs' and Defendants' respective rights in the Properties.

6

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
8706 E. Manzanita Dr., Suite 100
Scottsdale, Arizona 85258
Telephone: 480-991-9077 / Facsimile: 480-443-8854

58.    Plaintiffs are entitled to a judicial determination that the deeds of trust described in this Complaint are void and unenforceable and that Defendants no longer have any interest in the Properties.

59.    This controversy will continue until resolved by a court of competent jurisdiction.

60.    Plaintiff is entitled to recover its reasonable attorney's fees and costs pursuant to A.R.S. §§ 12-341, 12-341.01, 12-1103, or as otherwise allowed by law.

WHEREFORE, Plaintiffs request Judgment against Defendants as follows:

    a.  For an order determining that the NCB Deed of Trust is void or otherwise unenforceable;

    b.  For an order determining that the SBA Deed of Trust is void or otherwise unenforceable

    c.  For an order determining that Defendants have no interest whatsoever in or to the Properties, land, or premises, or to any part thereof, and that the title to the Properties are properly vested solely in Plaintiffs;

    d.  That Defendants forever be enjoined and barred from asserting any claim whatever in or to the Property, land, or premises, or to any part thereof, adverse to Plaintiffs;

    e.  For statutory damages in the amount of $5,000.00 and $1,000.00 pursuant to A.R.S. § 33-420;

    f.  For any actual damages sustained in an amount to be proven as a result of Defendants' wrongful refusal to release the deed of trust described in this Complaint and an award of treble damages on that amount;

    g.  For an award of attorney's fees and costs pursuant A.R.S. §§ 12-341, 12-341.01, 12-1103, and 33-420, or otherwise allowed by law;

    h.  For interest at the prevailing legal rate on attorney's fees and costs; and

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
8706 E. Manzanita Dr., Suite 100
Scottsdale, Arizona 85258
Telephone: 480-991-9077 / Facsimile: 480-443-8854

i.   For such other and further relief as the Court deems justified under the circumstances.

DATED this 14th day of June, 2024.

**HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**

/s/ John L. Lohr, Jr.
John L. Lohr, Jr. (SBN 019876)
Jackson D. Hendrix (SBN 036452)
*Attorneys for Plaintiff*

23538-00:PD 2772994v4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
14500 N. Northsight Blvd., Suite 101
Scottsdale, Arizona 85260
Telephone: 480-991-9077 / Facsimile: 480-443-8854

## VERIFICATION

I, Gary R. King am one of the Plaintiffs in the above-entitled cause of action; I have read the foregoing Complaint and know the contents thereof, the allegations contained therein are true to the best of my knowledge, except those made upon information and belief, and as to those, I believe them to be true.

By: _Gary R. King_

Gary R. King

_Kathy E. King_

220150:1/21679-02:PD
1863436v1

# EXHIBIT 1

STATE OF ARIZONA  } ss.   I hereby certify that the within instrument was filed and recorded    Fee No.
COUNTY OF Maricopa }

in DOCKET          page          and indexed in deeds

at the request of   TITLE USA Company of Arizona                                      86  551643

When recorded, mail to:                    Witness my hand and official seal.

GARY R. KING                                           County Recorder
6417 East Rustic Drive
Mesa, Arizona 85205                        By

206,634-36

## Joint Tenancy Deed

For the consideration of Ten Dollars, and other valuable considerations, I or we,
WILLIAMS DEVELOPMENT CO., INC, an Arizona corporation

do hereby convey to
GARY R. KING  AND KATHY E. KING, husband and wife
not as tenants in common and not as community property estate, but as joint tenants with right of survivorship, the fol-
lowing described property situated in the County of   Maricopa   State of Arizona.

Lot Forty-one (41), AMENDED SKYWAY VILLAGE UNIT ONE, according to the plat of
record in the office of the County Recorder of Maricopa County, Arizona, in
Book 78 of Maps, page 31.

Subject to current taxes and assessments, reservations and all easements, rights of way, covenants, conditions, restric-
tions, liens and encumbrances of record.

And I or we do warrant the title against all persons whomsoever, subject to the matters above set forth.

The grantees by signing the acceptance below evidence their intention to acquire said premises as joint tenants with
the right of survivorship, and not as community property or as tenants in common.

Dated this 1st day of   October          1986.

Accepted and approved:

_Gary R. King_                              WILLIAMS DEVELOPMENT CO., INC., an
GARY R. KING                                Arizona corporation
_Kathy E. King_                             BY: _Jay Williams_
KATHY E. KING              Grantees         ITS: President          Grantors

STATE OF ARIZONA                            This instrument was acknowledged before me
County of  Maricopa    } ss.                this 6th day of October          1986 by
                                            TERRY L. WILLIAMS, President of WILLIAMS
OFFICIAL SEAL                               DEVELOPMENT CO., INC., an Arizona corporation
BETTY J. HUBER
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY                             _Betty J. Huber_
My Comm. Expires Sept. 11, 1987            My commission will expire      Notary Public

STATE OF   Arizona    } ss.                 This instrument was acknowledged before me
County of  Maricopa                         this 1st day of October          1986 by
                                            GARY R. KING AND KATHY E. KING
OFFICIAL SEAL
BETTY J. HUBER
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY                             _Betty J. Huber_
My Comm. Expires Sept. 11, 1987            My commission will expire      Notary Public

FORM E-20

Description: Maricopa,AZ Document Year.DocID 1986.551643 Page: 1 of 1
Order: L0702036 Comment:

# EXHIBIT 2

2003-16093
Page 1 of 3
Requested By: FIRST AMERICAN TITLE
Navajo County Recorder - Laurette Justman
07-03-2003 04:30 PM Recording Fee $16.00

Recording Requested by:
First American Title Insurance Agency, Inc.

When recorded mail to:
Gary R. King and Kathy E. King
6417 E. Rustic Drive
Mesa, AZ 85215

## WARRANTY DEED

Escrow No. **276-4143832 (bmr)**

For the consideration of TEN AND NO/100 DOLLARS, and other valuable considerations, I or we,

**Paul A. Slater and Margie D. Slater, husband and wife**, the GRANTOR does hereby convey to

**Gary R. King and Kathy E. King, husband and wife**, the GRANTEE

The following described real property situate in **Navajo** County, **AZ** with the title being conveyed to the grantee as set forth in the attached acceptance by the grantee:

LOT 39, OF HIGH COUNTRY PINE II - UNIT 1, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF NAVAJO COUNTY, ARIZONA, RECORDED IN BOOK 18 OF MAPS, PAGES 64-66.

**Subject To:** Existing taxes, assessments, covenants, conditions, restrictions, rights of way and easements of record.

And the GRANTOR binds itself and its successors to warrant the title as against its acts and none other, subject to the matters set forth.

DATED: June 12, 2003

SEE ACCEPTANCE ATTACHED HERETO

AND BY REFERENCE MADE A PART HEREOF.

Paul A. Slater

Margie D. Slater

A.P.N.: **207-33-039 9**

2003-16093 07-03-2003 Page 2 of 3

Escrow No. **276-4143832**

WARRANTY DEED - CONTINUED

*OFFICIAL SEAL*
**BARBARA ELCO**
NOTARY PUBLIC – ARIZONA
MARICOPA COUNTY
My Comm. Expires May 21, 2006

STATE OF     AZ            )
                                 )ss.

County of    Maricopa       )

On _June 30th 2003_____, before me, the undersigned Notary Public, personally appeared **Paul A. Slater and Margie D. Slater**, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

My Commission Expires: _May 21 2006_     _Barbara Elco_____
                                           Notary Public

\* Paul A Slater by Margie D Slater as his attorney in fact

A.P.N.: 207-33-039 9

2003-16093 07-03-2003 Page 3 of 3

Escrow No. 276-4143832

WARRANTY DEED - CONTINUED

## ACCEPTANCE OF JOINT TENANCY

This Acceptance is to be attached to: Warranty Deed dated 06/12/2003 by and between Paul A. Slater and Margie D. Slater and Gary R. King and Kathy E. King.

That each of the undersigned individually and jointly as such Grantees hereby declare that it is their intention to accept such conveyance as joint tenants with right of survivorship and not as a community property estate and not as tenants in common, and to acquire any interest in said real property under said deed as joint tenants with right of survivorship, and not as a community property estate and not as tenants in common.

That by the execution and delivery to the Escrow Agent of this "Acceptance of Joint Tenancy" the undersigned intend to evidence their acceptance of said deed as joint tenants, and hereby direct and authorize the Escrow Agent to attach this "Acceptance of Joint Tenancy" to such deed upon its execution and delivery and to record this "Acceptance of Joint Tenancy" together with such deed.

Date: 06/12/2003

_____
Gary R. King

_____
Kathy E. King

STATE OF        AZ            )
                             )ss.
County of    Navajo          )

On  6-28-2003 , before me, the undersigned Notary Public, personally appeared **Gary R. King and Kathy E. King**, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

My Commission Expires:  3-20-2007         _____
                                           Notary Public

OFFICIAL SEAL
JEAN L. TOOT
NOTARY PUBLIC - State of Arizona
NAVAJO COUNTY
My Comm. Expires March 20, 2007

## AFFIDAVIT OF PROPERTY VALUE
### SEE PAGE TWO SIDE FOR APPLICABLE STATUTES AND EXEMPTIONS
This form has been approved by the Arizona Department of Revenue pursuant to A.R.S. § 11-1133

1. ASSESSOR'S PARCEL NUMBER(S) (primary parcel number):
(a) 207-33-039 9

| BOOK | MAP | PARCEL | SPLIT |
|---|---|---|---|

Does this sale include any parcels that are being split/divided?

Check one:  [x] No    [ ] Yes

(b) How many parcel numbers, other than the primary parcel number, are included in this sale?
List the additional parcel numbers (up to 4) below:

(c) _____  d) _____
(e) _____  f) _____

2. SELLER'S NAME AND ADDRESS:
Paul A. Slater and Margie D. Slater
17046 E. Rand Dr.
Fountain Hills, AZ 85268

3. BUYER'S NAME AND ADDRESS:
Gary R. King and Kathy E. King
6417 E. Rustic Drive
Mesa, AZ 85215

Buyer and Seller related:  Yes ____  No [x]
If yes, state relationship:

4. ADDRESS OF PROPERTY:
1514 Mainline Road
Heber, AZ 85928

5. MAIL TAX BILL TO:
Gary R. King and Kathy E. King
6417 E. Rustic Drive
Mesa, AZ 85215

6. TYPE/USE OF PROPERTY AT TIME OF SALE (check one:)

a. [x] Vacant Land        f. [ ] Commercial/Industrial
b. [ ] Single Family Residence    g. [ ] Agriculture
c. [ ] Condo/Townhouse      h. [ ] Mobile Home
d. [ ] 2-4 Plex         i. [ ] Other Use, Specify
e. [ ] Apartment Building

7. RESIDENTIAL BUYER'S INTENDED USE (Answer if you checked, b, c, d, or h above) (Check one):

[ ] To be occupied by owner or "family member."    [ ] To be rented to someone other than "family member."

NOTE: See page two for definition of "family member."

8. PARTY COMPLETING AFFIDAVIT (Name, Address, Phone)
First American Title Insurance Agency, Inc.
P.O. Box 1869, 2841 East Highway 260, Suite 1, Overgaard, AZ 85933
(928) 535-6320

9. FOR OFFICIAL USE ONLY (buyer and seller leave blank)

(a) County of Recordation: 09
(b) Docket & Page Number:
(c) Fee/Recording Number: 2003-16093
(d) Date of Recording: 7/3/03

Assessor/DOR Validation Codes:
(e) _____  (f) DOR _____

Use Code: _____

10. TYPE OF DEED OR INSTRUMENT (Check One):

a. [x] Warranty Deed      d. [ ] Contract or Agreement
b. [ ] Special Warranty Deed   e. [ ] Quit Claim Deed
c. [ ] Joint Tenancy Deed    f. [ ] Other

11. TOTAL SALES PRICE:  $ 54,000.00
12. PERSONAL PROPERTY  (see page 2 for definition):
Did the buyer receive any personal property that has a value greater than 5% of the sale price?:

(a) Yes ____  No [x]  If yes, briefly describe:
(b) Approximate Value:  $0.00
13. DATE OF SALE:

| | Month | Year |
|---|---|---|

NOTE: This is the date of the contract of sale. If you are receiving title in fulfillment of a previously recorded contract, you need not complete this affidavit (see A. 1 on page two).

14. DOWN PAYMENT (cash, etc.):  $
15. METHOD OF FINANCING:

a. [x] All Cash (Paid in full)    e. [ ] New Loan(s) from financial institutions
b. [ ] Exchange or trade      (1) [ ] Conventional (2) [ ] VA(3) [ ] FHA
c. [ ] Assumption of existing loans  f. [ ] Other, explain
d. [ ] New loan from seller (Seller Carryback)

16. PARTIAL INTERESTS: Is only a partial ownership interest being transferred?
For example: ¼ (.25) or ½ (.50).  Yes ____  No ____
If yes, explain.

17. ADDITIONAL INFORMATION (Check all that apply)

a. [ ] Affixed Mobile Home  b. [ ] Other:
Number of Units: ____  (Apartment, Motel, Mobile Home Park)

18. LEGAL DESCRIPTION (attach copy if necessary)
LOT 33, of HIGH COUNTRY PINE II - UNIT 1 (18 / 64-66)

THE UNDERSIGNED BEING DULY SWORN, ON OATH, SAYS THAT THE FOREGOING INFORMATION IS A TRUE AND CORRECT STATEMENT OF THE FACTS PERTAINING TO THE TRANSFER OF THE ABOVE DESCRIBED PROPERTY.

_Margie D. Slater - Paul A. Slater_      _Sandra Olsen_
Signature of Seller/Agent          Signature of Buyer/Agent

State of Arizona County of Maricopa       State of Arizona County of Navajo
Subscribed and sworn to before me on this       Subscribed and sworn to before me on this

30th day of June 2003          2 day of July 2003

Notary Public Barbara Ellis         Notary Public
Notary Expiration Date May 21, 2006       Notary Expiration Date 9-19-2003

Reproduction by First American Title Insurance 10/2000

No. 276-4143832

## EXHIBIT "A"

LOT 39, OF HIGH COUNTRY PINE II - UNIT 1, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF NAVAJO COUNTY, ARIZONA, RECORDED IN BOOK 18 OF MAPS, PAGES 64-66.

Page 6

# EXHIBIT 3

*Hold for Liddy plu*

This instrument prepared by
~~and after recording return to:~~
Matthew H. Youmans
Levin, Ford & Paulekas, LLP
280 Trumbull Street
Hartford, CT 06103



OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
2004-0514068 05/10/04 11:20
1 OF 1
DELROSSOR

# DEED OF TRUST

## (Participation)

THIS DEED OF TRUST, made as of this 10th day of May, 2004, by and between Gary R. King and Kathy E. King, **husband and wife**, hereinafter referred to as "Grantor", whose address is 6417 East Rustic , Mesa, Arizona 85215; **NCB, FSB**, hereinafter referred to as "Trustee", whose address is 139 South High Street, Hillsboro, Ohio 45133; and **National Cooperative Bank** hereinafter referred to as "Beneficiary", who maintains an office and place of business at 1725 Eye Street NW, Suite 600, Washington, DC 20006 in participation with the Small Business Administration, an agency of the United States.

WITNESSETH, that for and in consideration of $1.00 and other good and valuable consideration, receipt of which is hereby acknowledged, the Grantor does hereby bargain, sell, grant, assign, and convey unto the Trustee, his successors and assigns, all of the following described property situated and being in the County of Maricopa, State of Arizona, known as 6417 East Rustic, Mesa, Arizona 85215, which is more particularly described as follows:

**Lot Forty-one (41), AMENDED SKYWAY VILLAGE UNIT ONE, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, in Book 78 of Maps, page 31.**

**Being the same property conveyed to Gary R. King and Kathy E. King, husband and wife, from Williams Development Co., Inc., an Arizona corporation by Joint Tenancy Deed dated October 1, 1986, and recorded October 8, 1986 in Instrument No. 86-551643.**

**Tax Parcel No. 141-71-041**

Together with and including all buildings, all fixtures, including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the Trustor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, and the rents, issues, and profits of the above described property. To have and to hold the same unto the Trustee, and the successors in interest of the Trustee, forever, in fee simple or such other estate, if any, as is stated here in trust, to secure the payment of a guaranty of a promissory note of this date, in the principal sum of SIX HUNDRED FORTY THOUSAND and 00/100 Dollars $640,000.00 signed by Gary R. King as a member of King's Ace

20040514068

Hardware, Inc. (the "Borrower") (the "Note"), which Note has a maturity date of May 10, 2014, as unconditionally guaranteed by the Grantor ("Guaranty"). A copy of the Note is attached as Exhibit A and incorporated herein. A copy of the Guaranty is attached as Exhibit B and incorporated herein.

1.    This conveyance is made upon and subject to the further trust that the said Grantor shall remain in quiet and peaceable possession of the above granted and described premises and take the profits thereof to Grantor's own use until default be made in any payment of an installment due on said note or in the performance of any of the covenants or conditions contained therein or in this Deed of Trust; and, also to secure the reimbursement of the Beneficiary or any other holder of said Note and Guaranty, the Trustee or any substitute trustee of any and all costs and expenses incurred, including reasonable attorneys' fees, on account of any litigation which may arise with respect to this Trust or with respect to the indebtedness evidenced by said note, the protection and maintenance of the property hereinabove described or in obtaining possession of said property after any sale which may be made as hereinafter provided.

2.    Upon the full payment of the indebtedness evidenced by said Note and Guaranty and the interest thereon, the payment of all other sums herein provided for, the repayment of all monies advanced or expended pursuant to said note or this instrument, and upon the payment of all other proper costs, charges, commissions, and expenses, the above described property shall be released and re-conveyed to and at the cost of the Grantor.

3.    Upon default in any of the covenants or conditions of this instrument or of the Note or Guaranty secured hereby, the Beneficiary or his assigns may, upon written notice to Grantor, and without regard to the adequacy of security for the indebtedness secured, either personally or by attorney or agent without bringing any action or proceeding, or by a receiver to be appointed by the court, enter upon said property or any part thereof, and do any acts which Beneficiary deems proper to protect the security hereof, and collect and receive the rents, royalties, issues, and profits thereof, including rents accrued and unpaid, and apply the same, less costs of operation and collection, upon the indebtedness secured by this Deed of Trust, said rents, royalties, issues, and profits, being hereby assigned to Beneficiary as further security for the payment of such indebtedness. Exercise of rights under this paragraph shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice but shall be cumulative to any right and remedy to declare a default and to cause notice of default to be recorded as hereinafter provided, and cumulative to any other right and/or remedy hereunder, or provided by law, and may be exercised concurrently or independently. Expenses incurred by Beneficiary hereunder including reasonable attorneys' fees shall be secured hereby.

4.    The Grantor covenants and agrees that if it shall fail to pay said indebtedness, or any part thereof, when due, or shall fail to perform any covenant or agreement of this instrument or of the Note or Guaranty secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible, upon written notice to Grantor, at the option of the Beneficiary or assigns, regardless of maturity, and the Beneficiary or assigns may enter upon said property and collect the rents and profits thereof. Upon such default in payment or performance, and before or after such entry, the Trustee, acting in the execution of this Trust, shall have the power to sell said property, and, subject to the requirements of Arizona state law as it may exist at the time of default, it shall be the Trustee's duty to sell said property (and in case of any default of any purchaser, to resell) at public auction, to the highest bidder. The Beneficiary or any person on behalf of the Beneficiary may bid and purchase at such sale). Such sale will be held at a suitable place to be selected by the Beneficiary within said county or political subdivision. The Trustee is hereby authorized to execute and deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of default upon which the execution of the power of sale herein granted depends; and the said Grantor hereby constitutes and appoints the Trustee as its agent and attorney in fact to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be binding and conclusive

20040514068

upon the Grantor, and said conveyance shall be effectual to bar all equity or right of redemption, homestead, dower, right of appraisement, and all other rights and exemptions of the Grantor, all of which are hereby expressly waived and conveyed to the Trustee. In the event of a sale as hereinabove provided, the Grantor, or any person in possession under the Grantor, shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to all other remedies for the collection of said indebtedness. The Beneficiary or Assigns may take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

5.    In the event of a sale as provided in paragraph 4, the Trustee shall be paid a fee by the Beneficiary in an amount not in excess of one percent (1%) of the gross amount of said sale or sales, provided, however, that the amount of such fee shall be reasonable and shall be approved by the Beneficiary as to reasonableness. Said fee shall be in addition to the costs and expenses incurred by the Trustee in conducting such sale. The amount of such costs and expenses shall be deducted and paid from the sale's proceeds. It is further agreed that if said property shall be advertised for sale as herein provided and not sold, the Trustee shall be entitled to a reasonable fee, in an amount acceptable to the Beneficiary for the services rendered. The Trustee shall also be reimbursed by the Beneficiary for all costs and expenses incurred in connection with the advertising of said property for sale if the sale is not consummated.

6.    The proceeds of any sale of said property in accordance with paragraph 4 shall be applied first to payments of fees, costs, and expenses of said sale, the expenses incurred by the Beneficiary for the purpose of protecting or maintaining said property and reasonable attorneys' fees; secondly, to payment of the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

7.    In the event said property is sold pursuant to the authorization contained in this instrument or at a judicial foreclosure sale and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said Note, the Beneficiary will be entitled to a deficiency judgment for the amount of the deficiency without regard to appraisement, the Grantor having waived and assigned all rights of appraisement to the Trustee.

8.    The Grantor covenants and agrees as follows:

    a.    Grantor will promptly pay the indebtedness evidenced by said Note and Guaranty at the times and in the manner therein provided.

    b.    Grantor will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefor to the Beneficiary.

    c.    Grantor will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the Beneficiary for the collection of any or all of the indebtedness hereby secured, of such expenses and fees as may be incurred in any foreclosure sale by the Trustee, or court proceedings or in any other litigation or proceeding affecting said property, and attorneys' fees reasonably incurred in any other way.

20040514068

d.     The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of the payment of the indebtedness evidenced by said note or any part thereof secured hereby.

e.     Grantor will continuously maintain hazard insurance of such type or types and in such amounts as the Beneficiary may from time to time require, on the improvements now or hereafter on said property, and will pay promptly when due any premiums therefor. All insurance shall be carried in companies acceptable to Beneficiary and the policies and renewals thereof shall be held by Beneficiary and have attached thereto loss payable clauses in favor of and in form acceptable to the Beneficiary. In the event of loss, Grantor will give immediate notice in writing to Beneficiary and Beneficiary may make proof of loss if not made promptly by Grantor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Beneficiary instead of to Grantor and Beneficiary jointly, and the insurance proceeds, or any part thereof, may be applied by Beneficiary at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged. In the event of a Trustee's sale or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the Grantor in and to any insurance policies then in force shall pass at the option of the Beneficiary to the purchaser or Beneficiary.

f.     Grantor will keep the said premises in as good order and condition as they are now and will not commit or permit any waste thereof, reasonable wear and tear excepted, and in the event of the failure of the Grantor to keep the buildings on said premises and those to be erected on said premises, or improvements thereon, in good repair, the Beneficiary may make such repairs as in the Beneficiary's discretion it may deem necessary for the proper preservation thereof, and any sums paid for such repairs shall bear interest from the date of payment at the rate specified in the Note, shall be due and payable on demand and shall be fully secured by this Deed of Trust.

g.     Grantor will not without the prior written consent of the Beneficiary voluntarily create or permit to be created against the property subject to this Deed of Trust any liens inferior or superior to the lien of this Deed of Trust and further that he will keep and maintain the same free from the claim of all persons supplying labor or materials which will enter into the construction of any and all buildings now being erected or to be erected on said premises.

h.     Grantor will not rent or assign any part of the rent of said property or demolish, remove, or substantially alter any building without the written consent of the Beneficiary.

i.     Grantor will not give, grant, sell or convey said property to any party during the term. The Grantor covenants and agrees that if it shall give, grant, sell or convey said property to any party during the term, the entire indebtedness hereby secured shall immediately become due, payable, and collectible pursuant to the terms of Section 4 of this Deed of Trust.

9.     In the event the Grantor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged to the property hereinabove described, the Beneficiary is hereby authorized to pay the same and any sum so paid by the Beneficiary shall be added to and become a part of the principal amount of the indebtedness evidenced by said Note. If the Grantor shall pay and discharge the indebtedness evidenced by said Note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing and executing this Deed of Trust, then this Deed of Trust shall be canceled and surrendered.

10.     The Grantor covenants that it is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that

20040514068

it hereby bind itself and its successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the lawful claims of all persons whomsoever.

11.    For better security of the indebtedness hereby secured the Grantor, upon the request of the Beneficiary, its successors or assigns, shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired in connection therewith after the date hereof (all in form satisfactory to Grantee). Furthermore, should Grantor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, Grantor hereby agrees to permit Beneficiary to cure such default, but Beneficiary is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

12.    That all awards of damages in connection with any condemnation for public use of or injury to any of said property are hereby assigned and shall be paid to Beneficiary, who may apply the same to payment of the installments last due under said Note, and the Beneficiary is hereby authorized, in the name of the Grantor, to execute and deliver valid acquittances thereof and to appeal from any such award.

13.    The irrevocable right to appoint a substitute trustee or trustees is hereby expressly granted to the Beneficiary, it's successors or assigns, to be exercised at any time hereafter upon written notice to Grantor and without specifying any reason therefor, by filing for record in the office where this instrument is recorded an instrument of appointment. The Grantor and the Trustee herein named or that may hereinafter be substituted hereunder expressly waive notice of the exercise of this right as well as any requirement or application to any court for the removal, appointment or substitution of any trustee hereunder.

14.    Notice of the exercise of any option granted herein to the Beneficiary or to the holder of the Note secured hereby is not required to be given the Grantor, the Grantor having hereby waived such notice.

15.    If more than one person joins in the execution of this instrument as Grantor or if anyone so joined be of the feminine sex, the pronouns and relative words used herein shall be read as if written in the plural or feminine, respectively, and the term "Beneficiary" shall include any payee of the indebtedness hereby secured or any assignee or transferee thereof whether by operation of law or otherwise. The covenants herein contained shall bind and the rights herein granted or conveyed shall inure to the respective heirs, executors, administrators, successors, and assigns of the parties hereto.

16.    In compliance with section 101.1 (d) of the Rules and Regulations of the Small Business Administration [13 C.F.R. 101.1 (d)], this instrument is to be construed and enforced in accordance with applicable Federal law.

17.    A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

18.    The loan secured by this lien was made under a United States Small Business Administration (SBA) nationwide program which uses tax dollars to assist small business owners. If the United States is seeking to enforce this document, then under SBA regulations:

    a) When SBA is the holder of the Note, this document and all documents evidencing or securing this Loan will be construed in accordance with federal law.

    b) Lender or SBA may use local or state procedures for purposes such as filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using these procedures, SBA

20040514068

does not waive any federal immunity from local or state control, penalty, tax or liability. No Borrower or Guarantor may claim or assert against SBA any local or state law to deny any obligation of Borrower, or defeat any claim of SBA with respect to this Loan.

Any clause in this document requiring arbitration is not enforceable when SBA is the holder of the Note secured by this instrument.

20040514068

IN WITNESS WHEREOF, the Grantor has executed this instrument and the Trustee and Beneficiary have accepted the delivery of this instrument as of the day and year aforesaid.

Witnesses:

_____

_____

_____

_____

_____
Gary R. King

_____
Kathy E. King

STATE OF ARIZONA

COUNTY OF MARICOPA

    I, the undersigned, a Notary Public of the County and State aforesaid, do hereby certify that Gary R. King + Kathy E. King, personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

    WITNESS my hand and official seal this 7th day of May, 2004.

_____
Notary Public

My Commission Expires:

August 8, 2005

OFFICIAL SEAL
ROSEMARY GANGEL
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Aug. 8, 2005

g:\1089\128\deed of trust guarantor -- Mesa

# EXHIBIT 4

2004-10107
Page 1 of
Requested By: ROBERT ROWLEY CHAPMAN
Navajo County Recorder - Laurette Justman
5-10 2004 03:10 PM Recording Fee $16.00

This instrument prepared by
and after recording return to:
Matthew H. Youmans
Levin, Ford & Paulekas, LLP
280 Trumbull Street
Hartford, CT 06103

# DEED OF TRUST

## (Participation)

THIS DEED OF TRUST, made as of this 10th day of May, 2004, by and between Gary R. King and Kathy E. King, **husband and wife**, hereinafter referred to as "Grantor", whose address is 1509 Mainline, Heber, Arizona 85928; **NCB, FSB**, hereinafter referred to as "Trustee", whose address is 139 South High Street, Hillsboro, Ohio 45133; and **National Cooperative Bank** hereinafter referred to as "Beneficiary", who maintains an office and place of business at 1725 Eye Street NW, Suite 600, Washington, DC 20006 in participation with the Small Business Administration, an agency of the United States.

WITNESSETH, that for and in consideration of $1.00 and other good and valuable consideration, receipt of which is hereby acknowledged, the Grantor does hereby bargain, sell, grant, assign, and convey unto the Trustee, his successors and assigns, all of the following described property situated and being in the County of Navajo, State of Arizona, known as 1509 Mainline, Heber, Arizona 85928, which is more particularly described as follows:

**Lot 39, of High Country Pine II-Unit 1, according to the plat of record in the Office of the County Recorder of Navajo County, Arizona, recorded in Book 18 of Maps, Pages 64-66.**

**Being the same property conveyed to Gary R. King and Kathy E. King, husband and wife from Paul A. Slater and Margie D. Slater, husband and wife by Warranty Deed dated 06/12/2003 and recorded 07/03/2003 in Instrument No. 2003-16093.**

**Tax Parcel No. 207-33-039.**

Together with and including all buildings, all fixtures, including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the Trustor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, and the rents, issues, and profits of the above described property. To have and to hold the same unto the Trustee, and the successors in interest of the Trustee, forever, in fee simple or such other estate, if any, as is stated here in trust, to secure the payment of a guaranty of a promissory note of this date, in the principal sum of SIX HUNDRED FORTY THOUSAND and 00/100 Dollars $640,000.00 signed by Gary R. King as a member of King's Ace Hardware, Inc. (the "Borrower") (the "Note"), which Note has a maturity date of May 10, 2014, as

unconditionally guaranteed by the Grantor ("Guaranty"). A copy of the Note is attached as Exhibit A and incorporated herein. A copy of the Guaranty is attached as Exhibit B and incorporated herein.

1.    This conveyance is made upon and subject to the further trust that the said Grantor shall remain in quiet and peaceable possession of the above granted and described premises and take the profits thereof to Grantor's own use until default be made in any payment of an installment due on said note or in the performance of any of the covenants or conditions contained therein or in this Deed of Trust; and, also to secure the reimbursement of the Beneficiary or any other holder of said Note and Guaranty, the Trustee or any substitute trustee of any and all costs and expenses incurred, including reasonable attorneys' fees, on account of any litigation which may arise with respect to this Trust or with respect to the indebtedness evidenced by said note, the protection and maintenance of the property hereinabove described or in obtaining possession of said property after any sale which may be made as hereinafter provided.

2.    Upon the full payment of the indebtedness evidenced by said Note and Guaranty and the interest thereon, the payment of all other sums herein provided for, the repayment of all monies advanced or expended pursuant to said note or this instrument, and upon the payment of all other proper costs, charges, commissions, and expenses, the above described property shall be released and re-conveyed to and at the cost of the Grantor.

3.    Upon default in any of the covenants or conditions of this instrument or of the Note or Guaranty secured hereby, the Beneficiary or his assigns may, upon written notice to Grantor, and without regard to the adequacy of security for the indebtedness secured, either personally or by attorney or agent without bringing any action or proceeding, or by a receiver to be appointed by the court, enter upon said property or any part thereof, and do any acts which Beneficiary deems proper to protect the security hereof, and collect and receive the rents, royalties, issues, and profits thereof, including rents accrued and unpaid, and apply the same, less costs of operation and collection, upon the indebtedness secured by this Deed of Trust, said rents, royalties, issues, and profits, being hereby assigned to Beneficiary as further security for the payment of such indebtedness. Exercise of rights under this paragraph shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice but shall be cumulative to any right and remedy to declare a default and to cause notice of default to be recorded as hereinafter provided, and cumulative to any other right and/or remedy hereunder, or provided by law, and may be exercised concurrently or independently. Expenses incurred by Beneficiary hereunder including reasonable attorneys' fees shall be secured hereby.

4.    The Grantor covenants and agrees that if it shall fail to pay said indebtedness, or any part thereof, when due, or shall fail to perform any covenant or agreement of this instrument or of the Note or Guaranty secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible, upon written notice to Grantor, at the option of the Beneficiary or assigns, regardless of maturity, and the Beneficiary or assigns may enter upon said property and collect the rents and profits thereof. Upon such default in payment or performance, and before or after such entry, the Trustee, acting in the execution of this Trust, shall have the power to sell said property, and, subject to the requirements of Arizona state law as it may exist at the time of default, it shall be the Trustee's duty to sell said property (and in case of any default of any purchaser, to resell) at public auction, to the highest bidder. The Beneficiary or any person on behalf of the Beneficiary may bid and purchase at such sale). Such sale will be held at a suitable place to be selected by the Beneficiary within said county or political subdivision. The Trustee is hereby authorized to execute and deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of default upon which the execution of the power of sale herein granted depends; and the said Grantor hereby constitutes and appoints the Trustee as its agent and attorney in fact to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be binding and conclusive upon the Grantor, and said conveyance shall be effectual to bar all equity or right of redemption.

2004-10192 05-10-2004   Page 3 of 7

homestead, dower, right of appraisement, and all other rights and exemptions of the Grantor, all of which are hereby expressly waived and conveyed to the Trustee. In the event of a sale as hereinabove provided, the Grantor, or any person in possession under the Grantor, shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to all other remedies for the collection of said indebtedness. The Beneficiary or Assigns may take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

5.    In the event of a sale as provided in paragraph 4, the Trustee shall be paid a fee by the Beneficiary in an amount not in excess of one percent (1%) of the gross amount of said sale or sales, provided, however, that the amount of such fee shall be reasonable and shall be approved by the Beneficiary as to reasonableness. Said fee shall be in addition to the costs and expenses incurred by the Trustee in conducting such sale. The amount of such costs and expenses shall be deducted and paid from the sale's proceeds. It is further agreed that if said property shall be advertised for sale as herein provided and not sold, the Trustee shall be entitled to a reasonable fee, in an amount acceptable to the Beneficiary for the services rendered. The Trustee shall also be reimbursed by the Beneficiary for all costs and expenses incurred in connection with the advertising of said property for sale if the sale is not consummated.

6.    The proceeds of any sale of said property in accordance with paragraph 4 shall be applied first to payments of fees, costs, and expenses of said sale, the expenses incurred by the Beneficiary for the purpose of protecting or maintaining said property and reasonable attorneys' fees; secondly, to payment of the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

7.    In the event said property is sold pursuant to the authorization contained in this instrument or at a judicial foreclosure sale and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said Note, the Beneficiary will be entitled to a deficiency judgment for the amount of the deficiency without regard to appraisement, the Grantor having waived and assigned all rights of appraisement to the Trustee.

8.    The Grantor covenants and agrees as follows:

a.    Grantor will promptly pay the indebtedness evidenced by said Note and Guaranty at the times and in the manner therein provided.

b.    Grantor will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefor to the Beneficiary.

c.    Grantor will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the Beneficiary for the collection of any or all of the indebtedness hereby secured, of such expenses and fees as may be incurred in any foreclosure sale by the Trustee, or court proceedings or in any other litigation or proceeding affecting said property, and attorneys' fees reasonably incurred in any other way.

d.    The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of the payment of the indebtedness evidenced by said note or any part thereof secured hereby.

e.   Grantor will continuously maintain hazard insurance of such type or types and in such amounts as the Beneficiary may from time to time require, on the improvements now or hereafter on said property, and will pay promptly when due any premiums therefor. All insurance shall be carried in companies acceptable to Beneficiary and the policies and renewals thereof shall be held by Beneficiary and have attached thereto loss payable clauses in favor of and in form acceptable to the Beneficiary. In the event of loss, Grantor will give immediate notice in writing to Beneficiary and Beneficiary may make proof of loss if not made promptly by Grantor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Beneficiary instead of to Grantor and Beneficiary jointly, and the insurance proceeds, or any part thereof, may be applied by Beneficiary at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged. In the event of a Trustee's sale or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the Grantor in and to any insurance policies then in force shall pass at the option of the Beneficiary to the purchaser or Beneficiary.

f.   Grantor will keep the said premises in as good order and condition as they are now and will not commit or permit any waste thereof, reasonable wear and tear excepted, and in the event of the failure of the Grantor to keep the buildings on said premises and those to be erected on said premises, or improvements thereon, in good repair, the Beneficiary may make such repairs as in the Beneficiary's discretion it may deem necessary for the proper preservation thereof, and any sums paid for such repairs shall bear interest from the date of payment at the rate specified in the Note, shall be due and payable on demand and shall be fully secured by this Deed of Trust.

g.   Grantor will not without the prior written consent of the Beneficiary voluntarily create or permit to be created against the property subject to this Deed of Trust any liens inferior or superior to the lien of this Deed of Trust and further that he will keep and maintain the same free from the claim of all persons supplying labor or materials which will enter into the construction of any and all buildings now being erected or to be erected on said premises.

h.   Grantor will not rent or assign any part of the rent of said property or demolish, remove, or substantially alter any building without the written consent of the Beneficiary.

i.   Grantor will not give, grant, sell or convey said property to any party during the term. The Grantor covenants and agrees that if it shall give, grant, sell or convey said property to any party during the term, the entire indebtedness hereby secured shall immediately become due, payable, and collectible pursuant to the terms of Section 4 of this Deed of Trust.

9.   In the event the Grantor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged to the property hereinabove described, the Beneficiary is hereby authorized to pay the same and any sum so paid by the Beneficiary shall be added to and become a part of the principal amount of the indebtedness evidenced by said Note. If the Grantor shall pay and discharge the indebtedness evidenced by said Note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing and executing this Deed of Trust, then this Deed of Trust shall be canceled and surrendered.

10.   The Grantor covenants that it is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that it hereby bind itself and its successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the lawful claims of all persons whomsoever.

2004-10107  05-10-2004  Page 5 of 5

11.    For better security of the indebtedness hereby secured the Grantor, upon the request of the Beneficiary, its successors or assigns, shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired in connection therewith after the date hereof (all in form satisfactory to Grantee). Furthermore, should Grantor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, Grantor hereby agrees to permit Beneficiary to cure such default, but Beneficiary is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

12.    That all awards of damages in connection with any condemnation for public use of or injury to any of said property are hereby assigned and shall be paid to Beneficiary, who may apply the same to payment of the installments last due under said Note, and the Beneficiary is hereby authorized, in the name of the Grantor, to execute and deliver valid acquittances thereof and to appeal from any such award.

13.    The irrevocable right to appoint a substitute trustee or trustees is hereby expressly granted to the Beneficiary, it's successors or assigns, to be exercised at any time hereafter upon written notice to Grantor and without specifying any reason therefor, by filing for record in the office where this instrument is recorded an instrument of appointment. The Grantor and the Trustee herein named or that may hereinafter be substituted hereunder expressly waive notice of the exercise of this right as well as any requirement or application to any court for the removal, appointment or substitution of any trustee hereunder.

14.    Notice of the exercise of any option granted herein to the Beneficiary or to the holder of the Note secured hereby is not required to be given the Grantor, the Grantor having hereby waived such notice.

15.    If more than one person joins in the execution of this instrument as Grantor or if anyone so joined be of the feminine sex, the pronouns and relative words used herein shall be read as if written in the plural or feminine, respectively, and the term "Beneficiary" shall include any payee of the indebtedness hereby secured or any assignee or transferee thereof whether by operation of law or otherwise. The covenants herein contained shall bind and the rights herein granted or conveyed shall inure to the respective heirs, executors, administrators, successors, and assigns of the parties hereto.

16.    In compliance with section 101.1 (d) of the Rules and Regulations of the Small Business Administration [13 C.F.R. 101.1 (d)], this instrument is to be construed and enforced in accordance with applicable Federal law.

17.    A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

18.    The loan secured by this lien was made under a United States Small Business Administration (SBA) nationwide program which uses tax dollars to assist small business owners. If the United States is seeking to enforce this document, then under SBA regulations:

a) When SBA is the holder of the Note, this document and all documents evidencing or securing this Loan will be construed in accordance with federal law.

b) Lender or SBA may use local or state procedures for purposes such as filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using these procedures, SBA does not waive any federal immunity from local or state control, penalty, tax or liability. No Borrower or Guarantor may claim or assert against SBA any local or state law to deny any obligation of Borrower, or defeat any claim of SBA with respect to this Loan.

2004-10707 05-10-2004  Page 6 of 7

Any clause in this document requiring arbitration is not enforceable when SBA is the holder of the Note secured by this instrument.

2004-10107 05-10-2004  Page 7 of 7

IN WITNESS WHEREOF, the Grantor has executed this instrument and the Trustee and Beneficiary have accepted the delivery of this instrument as of the day and year aforesaid.

Witnesses:

_____                    _____
Rosemary Gangel                              Gary R. King

_____                    _____
Rosemary Gangel                              Kathy E. King

STATE OF ARIZONA

COUNTY OF MARICOPA

I, the undersigned, a Notary Public of the County and State aforesaid, do hereby certify that _Gary F. King & Kathy E. King_ , personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

WITNESS my hand and official seal this 7th day of May, 2004.

_____
Notary Public

My Commission Expires:

August 8, 2005

OFFICIAL SEAL
ROSEMARY GANGEL
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Aug. 8, 2005

c 1089-126 Deed of Trust guaran+er  Heber

# EXHIBIT 5

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
ADRIAN FONTES
20180003472  01/03/2018  09:52
PAPER RECORDING

Loan No: **GP 735 666 4008 PHX**

0004965-2-1-1
Hoyp

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:

David Schallich, SVP
National Cooperative Bank, N.A.
2011 Crystal Drive, Suite 800
Arlington, VA 22202

---

Space Above This Line for Recorder's Use

Tax Parcel No.: 141-71-041

## ASSIGNMENT OF
## DEED OF TRUST

FOR VALUE RECEIVED, the undersigned grants, assigns and transfers to the U.S. Small Business Administration, a United States government independent agency, all beneficial interest under that certain DEED OF TRUST (Participation) (the "Deed of Trust") dated as of May 10, 2004, executed by Gary R. King and Kathy E. King, husband and wife, for the benefit of NCB, FSB as "Trustee", and recorded in the office of the County Recorder of Maricopa County, Arizona as Instrument Number 2004-0514068, describing land therein as:

**Lot Forty-one (41), AMENDED SKYWAY VILLAGE UNIT ONE, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, in Book 78 of Maps, page 31.**

**Being the same property conveyed to Gary R. King and Kathy E. King, husband and wife, from Williams Development Co., Inc., an Arizona corporation by Joint Tenancy Deed dated October 1, 1986, and recorded October 8, 1986 in Instrument No. 86-551643.**

**Tax Parcel No. 141-71-041**

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under the Deed of Trust.

DATE: _December 7 , 2017

**National Consumer Cooperative Bank**
**f/k/a National Cooperative Bank**

By: _____
Name: David Schallich
Title: Senior Vice President


COMMONWEALTH OF VIRGINIA    )
                                                    ) ss.  Arlington
COUNTY OF ARLINGTON         )


On this the ___ day of December, 2017, before me, the undersigned officer, personally appeared David Schallich, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged himself to be a Senior Vice President of National Consumer Cooperative Bank, and that he, as such officer, being authorized so to do, executed the foregoing instrument as the free act and deed of the company for the purposes contained therein by signing the name of the company by himself as such officer.

Christiane Weber Hirt
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7095550
Commission Exp. 3/31/2019

[Affix Notarial Seal]

Print name: _____
Notary Public
My Commission Expires

# EXHIBIT 6

5

2018-00118
Page 1 of 2
Requested By: Jordan Mandras
Navajo County Recorder - Doris Clark
01-03-2018  02:30 PM  Recording Fee $10.00

Loan No: **GP 735 666 4008 PHX**

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:

David Schallich, SVP
National Cooperative Bank, N.A.
2011 Crystal Drive, Suite 800
Arlington, VA 22202



Space Above This Line for Recorder's Use

Tax Parcel No.: **207-33-039**

## ASSIGNMENT OF
## DEED OF TRUST

FOR VALUE RECEIVED, the undersigned grants, assigns and transfers to the U.S. Small Business Administration, a United States government independent agency, all beneficial interest under that certain DEED OF TRUST (Participation) (the "Deed of Trust") dated as of May 10, 2004, executed by Gary R. King and Kathy E. King, husband and wife, for the benefit of NCB, FSB as "Trustee", and recorded in the office of the County Recorder of Navajo County, Arizona as Instrument Number 2004-10107, describing land therein as:

**Lot 39, of High Country Pine II-Unit 1, according to the plat of record in the Office of the County Recorder of Navajo County, Arizona, recorded in Book 18 of Maps, Pages 64-66.**

**Being the same property conveyed to Gary R. King and Kathy E. King, husband and wife from Paul A. Slater and Margie D. Slater, husband and wife by Warranty Deed dated 06/12/2003 and recorded 07/03/2003 in Instrument No. 2003-16093.**

**Tax Parcel No. 207-33-039.**

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under the Deed of Trust.

2018-00118 01-03-2018 Page 2 of 2

DATE: _December 27_, 2017

**National Consumer Cooperative Bank**
**f/k/a National Cooperative Bank**

By: _____

Name: David Schallich
Title: Senior Vice President


COMMONWEALTH OF VIRGINIA )
                          ) ss.  Arlington
COUNTY OF ARLINGTON       )


On this the ___ day of December, 2017, before me, the undersigned officer, personally appeared David Schallich, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged himself to be a Senior Vice President of National Consumer Cooperative Bank, and that he, as such officer, being authorized so to do, executed the foregoing instrument as the free act and deed of the company for the purposes contained therein by signing the name of the company by himself as such officer.

Christiane Weber Hirt
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7095550
Commission Exp. 3/31/2019

[Affix Notarial Seal]

Print name: _____
Notary Public
My Commission Expires

# EXHIBIT 7

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

### District of Arizona
### Case No. <u>2:11–bk–01747–RJH</u>
### Chapter 7

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

| | |
|---|---|
| GARY ROBERT KING | KATHY EILEEN KING |
| 6417 E RUSTIC DR | 6417 E RUSTIC DR |
| MESA, AZ 85215 | MESA, AZ 85215 |

Social Security / Individual Taxpayer ID No.:
  xxx–xx–0757                              xxx–xx–9479

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: <u>5/9/11</u>                              <u>Randolph J. Haines</u>
                                                  United States Bankruptcy Judge

### SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

B18 (Official Form 18) (12/07) – Cont.

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
District of Arizona

```
In re:                                                    Case No. 11-01747-RJH
GARY ROBERT KING                                          Chapter 7
KATHY EILEEN KING
        Debtors
```

## CERTIFICATE OF NOTICE

```
District/off: 0970-2         User: admin          Page 1 of 2              Date Rcvd: May 09, 2011
                             Form ID: b18         Total Noticed: 36
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 11, 2011.

```
db/jdb      +GARY ROBERT KING,    KATHY EILEEN KING,    6417 E RUSTIC DR,    MESA, AZ 85215-2939
tr          +DAVID A. BIRDSELL,    216 N. CENTER,    MESA, AZ 85201-6629
10048522    +ACE HARDWARE,    2200 KENSINGTON COURT,    OAK BROOK, IL 60523-2100
10048523    +ACTIVANT,    804 LAS CIMAS PKWY STE 200,    AUSTIN, TX 78746-5179
10048526    +BOATES LAW FIRM,    42104 NORTH VENTURE DRIVE SUITE D126,    ANTHEM, AZ 85086-3838
10048527    +CHASE,    BOX 10069,    SCOTTSDALE, AZ 85271-0069
10048529    +DALE THOMAS & ASSOCIATES,    ACCT NO. 68015,    2523 BAMBERRY DRIVE,    FT. WORTH, TX 76133-5815
10048530     FENNEMORE CRAIG, P.C.,    A. JOSEPH CHANDLER,    3003 NORTH CENTRAL AVENUE SUITE 2600,
              PHOENIX, AZ  85012-2913
10048532     GMAC,    BOX 4622,    WATERLOO, IA  50704-4622
10079198    +GMAC Mortgage, LLC,    c/o Pite Duncan, LLP,    4375 Jutland Drive, suite 200,    P.O. Box 17933,
              San Diego, CA 92177-7921
10048533    +GURSTEL CARGO,    64 EAST BROADWAY ROAD SUITE 255,    TEMPE, AZ 85282-1398
10048534    +HANNAY INVESTMENT PROPERTIES,    2999 44TH ST  STE 400,    PHOENIX, AZ 85018-7251
10048535    +HILLMAN FASTENER /HILLMAN GROUP, INC,    400 W. CUMMINS PARK STE 4450,    WOBURN, MA 01801-6594
10048537     JOBING.COM,    BOX 29386,    PHX, AZ 85038-9386
10048538     LAW OFFICES OF HAROLD E. SCHERR, P.A.,    CACH, LLC,    1064 GREENWOOD BLVD SUITE 328,
              LAKE MARY, FL 32746-5419
10048539    +MESA MOON,    1062 N. 24TH ST,    MESA, AZ 85213-5203
10048540    +NATIONAL HIGH SCHOOL PRINTING,    ASSOCIATION,    7704 TRINITY BLVD,    FT. WORTH, TX 76118-6901
10048541     NAVAJO CAUNTY TREASURER,    MANNY HERNANDEZ,    PO BOX 668,    HOLBROCK, AZ 86025-0668
10048542    +NCB BANK,    2011 CRYSTAL DR.  STE 800,    ARLINGTON, VA 22202-3734
10048543     PINE COUNTRY C/O THE OSSELAER COMPANY,    PO BOX 62525,    PHOENIX, AZ 85082-2525
10048544    +RMC RECEIVABLE MANAGEMENT CORPORATION,    400 WEST CUMMINGS PARK STE 4450,    WOBURN, MA 01801-6594
10048545    +SCP ARIZONA,    3030 N. 3RD STREET,    PHOENIX, AZ 85012-3074
10048546     SCP DISTRIBUTORS, LLC,    BOX 68054,    ANAHEIM, CA  92817-0854
10048547     SERVICE TOOL CO., LLC,    PO BOX 12240,    NEW IBERIA, LA  70562-2240
10048548    +THE SCREEN COMPANY OF AMERICA,    3120 W. CAREFREE HIGHWAY STE #1 PMB #236,    PHX, AZ 85086-3202
10048553    +ZWICKER & ASSOCIATES,    PO BOX 10069,    SCOTTSDALE, AZ 85271-0069
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
smg          EDI: AZDEPREV.COM May 09 2011 23:33:00     AZ DEPARTMENT OF REVENUE,    BANKRUPTCY & LITIGATION,
              1600 W. MONROE, 7TH FL.,    PHOENIX, AZ 85007-2650
10048524    +EDI: AMEREXPR.COM May 09 2011 23:33:00     AMERICAN EXPRESS,    PO BOX 981537,
              EL PASO, TX 79998-1537
10361553    +EDI: ATLASACQU.COM May 09 2011 23:33:00     Atlas Acquisitions LLC,    294 Union St.,
              Hackensack, NJ 07601-4303
10048525     EDI: BANKAMER.COM May 09 2011 23:33:00     BANK OF AMERICA,    BOX 15710,
              WILMINGTON, DE 19886-5710
10048528     EDI: CHASE.COM May 09 2011 23:33:00     CHASE,    BOX 260161,    BATON ROUGE, LA  70826-0161
10048531     EDI: BANKAMER.COM May 09 2011 23:33:00     FIA CARD,    BOX 15710,    WILMINGTON, DE 19886-5710
10048536     EDI: IRS.COM May 09 2011 23:33:00     INTERNAL REVENUE SERVICE,    POB 7346,
              PHILADELPHIA, PA 19101-7346
10048549    +E-mail/Text: pdeling@sba.gov May 09 2011 23:58:54     US SMALL BUSINESS ADMINISTATION,
              801 TOM MARTIN DRIVE SUITE 120,    BIRMINGHAM, AL 35211-6424
10048550    +EDI: WFFC.COM May 09 2011 23:33:00     WELLS FARGO,    PO BOX 348750,    SACRAMENTO, CA 95834-8750
10048552    +EDI: WFFC.COM May 09 2011 23:33:00     WELLS FARGO,    PO BOX 94423,    ALBUQUERQUE, NM 87199-4423
                                                                                           TOTAL: 10
```

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr           GMAC MORTGAGE, LLC
cr*         +++Atlas Acquisitions LLC,    294 Union St.,    Hackensack, NJ 07601-4303
10048551*   +WELLS FARGO,    BOX 348750,    SACRAMENTO, CA 95834-8750
                                                                            TOTALS: 1, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '+++' were transmitted to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(e).

```
District/off: 0970-2        User: admin              Page 2 of 2              Date Rcvd: May 09, 2011
                            Form ID: b18             Total Noticed: 36

              ***** BYPASSED RECIPIENTS (continued) *****
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: May 11, 2011                    Signature:        *Joseph Speetjens*

# EXHIBIT 8

14500 N. Northsight Blvd., Suite 101          525 Chestnut Street, Suite 203
Scottsdale, Arizona 85260                Cedarhurst, New York 11516
480-991-9077 Phone                    516-596-8366 Phone
480-443-8854 Fax                      480-443-8854 Fax
www.scottsdale-lawyer.com            www.scottsdale-lawyer.com



## HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC

ATTORNEYS, MEDIATORS & COUNSELORS

*Our Business is Your Peace of Mind* ®

*From the Desk of*
*John L. Lohr, Jr.*
*jll@hgplaw.com*

**Admitted in Arizona**

December 18, 2023

**VIA CERTIFIED and U.S. MAIL TO:**

| | |
|---|---|
| National Cooperative Bank<br>2011 Crystal Drive, Suite 800<br>Arlington, VA 22202 | National Cooperative Bank<br>2001 Pennsylvania Avenue NW # 625<br>Washington, DC 20006 |
| U.S. Small Business Administration<br>409 3rd Street SW<br>Washington, D.C. 20416 | |

**Re:**      ***King v. National Cooperative Bank.***
           **Parcel No. 141-71-041;**
           **Address:  6714 E. Rustic Drive, Mesa, AZ 85215**

           **Parcel No. 207-33-039;**
           **Address: 1514 Mainline Road, Heber, AZ 85928**

To Whom it May Concern:

       Our law firm represents Gary R. King and Kathy E. King in this matter. The Kings own the properties located at 6714 E Rustic Drive, Mesa, Arizona 85215, and at 1514 Mainline Road, Heber, AZ 85928 (the "Properties"). The Kings demands that within thirty (30) days of receipt of this letter, National Cooperative Bank ("NCB") and/or U.S. Small Business Administration record Deeds of Release and Reconveyance of the Deeds of Trust recorded in Maricopa County, Arizona, Record No. 2004-0514068, and Navajo County, Arizona, Record No. 2004-10107, due to the Deeds of Trust no longer being valid and enforceable.

       In 2004, King took out a loan with the Properties used as security with National Cooperative Bank, where the U.S. Small Business Administration ("SBA") guaranteed the loans. The security for the loans were recorded through deeds of trust recorded in Maricopa County, Arizona, Record No. 2004-0514068 and Navajo County, Record No. 2004-10107.  Copies of the Maricopa and Navajo County Deeds of Trust are attached hereto as **Exhibits 1** and **2**.  The Beneficial interests in said Deeds of Trust were assigned to the SBA through an Assignment of the Deed of Trust in 2017.  A copy of this Assignment of the Deed of Trust is attached hereto as **Exhibit 3**. King stopped paying the loan in 2009. In January 2011, the Kings filed Chapter 7 bankruptcy.  Enclosed as **Exhibit 4** is the notice of discharge.

Unfortunately for NCB and SBA, the Deeds of Trust can no longer be enforced against King, as the statute of limitations will prevent any action against King to collect.

**A. Arizona's statute of limitations prevents any action to collect on the debt.**

Pursuant to the statute of limitations, any attempt to collect on this debt or foreclose the Deeds of Trust is unlawful. In Arizona, there is a six-year statute of limitations for "[a]n action for debt …if the indebtedness is evidenced by or founded on… a contract in writing that is executed in this state." A.R.S. § 12-548. The statute of limitations on open accounts and oral contracts is even shorter at three years. A.R.S. § 12-543. The statute of limitations for contracts applies to all foreclosure actions as well. *See, e.g.*, *De Anza Land & Leisure Corp. v. Raineri*, 137 Ariz. 262, 266 (Ct. App. 1983).

In this case, the cause of action accrued the last day the Kings made a payment towards the secured loans, which was in 2009, and well beyond the six-year statute of limitations in A.R.S. § 12-543. Therefore, NCB only had until 2015 (six years after the first defaulted payment) at the latest to bring an action to collect the debt or foreclose the property. Since NCB has failed to take any action to collect on the outstanding balance or foreclose on the Deeds of Trust for over six years, by law, any future action is barred and the debt is erased and unenforceable.

**B. King's Bankruptcy Discharged his debt secured by the Deed of Trust**

In 2011, the Kings filed a voluntary petition for bankruptcy under Chapter 7 and listed the loans secured by the Deed of Trust. The Kings were granted a discharge pursuant to Chapter 7 of the Bankruptcy Code in 2011. Pursuant to 11 U.S.C. § 524(a), the Kings are no longer liable for the debt secured by the Deeds of Trust on the Property. As such, NCB and SBA are permanently enjoined from any attempts to collect on the debt, including any foreclosure action.

**C. The holder of the Deed of Trust securing the mortgage must record a release.**

Since the debt is now invalid, under A.R.S. § 33-707, NCB and/or SBA is required to record a release of the Deeds of Trust securing the debt. Under A.R.S. § 33-712, if NCB and/or SBA fails to record a release of the Deed of Trust within thirty days of receipt of this letter, it will be liable for the sum of $1,000.00 plus any actual damages accruing from its failure to record a release.

By failing to record the deeds of release, NCB and/or SBA could also be exposing itself to additional statutory damages and attorneys' fees under the wrongful recording statute, A.R.S. § 33-420, for not recording the deeds of release in a timely manner. Pursuant to A.R.S. § 33-420(A), NCB and/or SBA may be liable to the Property owners in the statutory amount of $5,000.00 for statutory damages or treble actual damages, whichever is greater. Even though SBA now holds the beneficial interest in the loans, A.R.S. § 33-420(C) permits us to pursue any entity that appears on a wrongfully recorded document. Pursuant to A.R.S. § 33-420(D), NCB and/or SBA may also be liable to the Property owners for the statutory amount of $1,000.00 or treble actual damages, whichever is greater, for willfully failing to remove the lien after receipt of this written demand that it be removed. Pursuant to A.R.S. § 33-420, the Property owners are also entitled to their reasonable attorney's fees and costs.

**D. Request for release and reconveyance.**

Due to the facts and law explained above, my client hereby demands that NCB and/or SBA execute a full release and reconveyance of the Deeds of Trust, Record No. 2004-0514068

and Record No. 2004-10107, and return the same to our office within **30 days** of the date of this letter.   Deeds of release and check for $5.00 pursuant to statute are attached as **Exhibits 5** and **6**. A failure to timely record the attached deeds may open NCB and/or SBA up to significant statutory or actual damages. In the event that NCB and/or SBA fails to sign the deeds of release, we will have no choice but to file a quiet title lawsuit. Please be advised that my clients would also be entitled to recover their attorneys' fees in a quiet title action pursuant to A.R.S. §12-1103(B).

    Please do not hesitate to contact our office in the event that you require any additional information or have any questions.


                                                    Very truly yours,


                                                    John L. Lohr, Jr.

JLL/rk
Enclosure
Copy to:        client

# **EXHIBIT 1**



OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
HELEN PURCELL
2004-0514068 05/10/04 11:20
1 OF 1
DELROSSOR

Hold for Liddy PlU

This instrument prepared by
~~and after recording return to:~~
Matthew H. Youmans
Levin, Ford & Paulekas, LLP
280 Trumbull Street
Hartford, CT 06103

# DEED OF TRUST

## (Participation)

THIS DEED OF TRUST, made as of this 10th day of May, 2004, by and between Gary R. King and Kathy E. King, **husband and wife**, hereinafter referred to as "Grantor", whose address is 6417 East Rustic , Mesa, Arizona 85215; **NCB, FSB**, hereinafter referred to as "Trustee", whose address is 139 South High Street, Hillsboro, Ohio 45133; and **National Cooperative Bank** hereinafter referred to as "Beneficiary", who maintains an office and place of business at 1725 Eye Street NW, Suite 600, Washington, DC 20006 in participation with the Small Business Administration, an agency of the United States.

WITNESSETH, that for and in consideration of $1.00 and other good and valuable consideration, receipt of which is hereby acknowledged, the Grantor does hereby bargain, sell, grant, assign, and convey unto the Trustee, his successors and assigns, all of the following described property situated and being in the County of Maricopa, State of Arizona, known as 6417 East Rustic, Mesa, Arizona 85215, which is more particularly described as follows:

**Lot Forty-one (41), AMENDED SKYWAY VILLAGE UNIT ONE, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, in Book 78 of Maps, page 31.**

**Being the same property conveyed to Gary R. King and Kathy E. King, husband and wife, from Williams Development Co., Inc., an Arizona corporation by Joint Tenancy Deed dated October 1, 1986, and recorded October 8, 1986 in Instrument No. 86-551643.**

**Tax Parcel No. 141-71-041**

Together with and including all buildings, all fixtures, including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the Trustor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, and the rents, issues, and profits of the above described property. To have and to hold the same unto the Trustee, and the successors in interest of the Trustee, forever, in fee simple or such other estate, if any, as is stated here in trust, to secure the payment of a guaranty of a promissory note of this date, in the principal sum of SIX HUNDRED FORTY THOUSAND and 00/100 Dollars $640,000.00 signed by Gary R. King as a member of King's Ace

20040514068

Hardware, Inc. (the "Borrower") (the "Note"), which Note has a maturity date of May 10, 2014, as unconditionally guaranteed by the Grantor ("Guaranty"). A copy of the Note is attached as Exhibit A and incorporated herein. A copy of the Guaranty is attached as Exhibit B and incorporated herein.

1.    This conveyance is made upon and subject to the further trust that the said Grantor shall remain in quiet and peaceable possession of the above granted and described premises and take the profits thereof to Grantor's own use until default be made in any payment of an installment due on said note or in the performance of any of the covenants or conditions contained therein or in this Deed of Trust; and, also to secure the reimbursement of the Beneficiary or any other holder of said Note and Guaranty, the Trustee or any substitute trustee of any and all costs and expenses incurred, including reasonable attorneys' fees, on account of any litigation which may arise with respect to this Trust or with respect to the indebtedness evidenced by said note, the protection and maintenance of the property hereinabove described or in obtaining possession of said property after any sale which may be made as hereinafter provided.

2.    Upon the full payment of the indebtedness evidenced by said Note and Guaranty and the interest thereon, the payment of all other sums herein provided for, the repayment of all monies advanced or expended pursuant to said note or this instrument, and upon the payment of all other proper costs, charges, commissions, and expenses, the above described property shall be released and re-conveyed to and at the cost of the Grantor.

3.    Upon default in any of the covenants or conditions of this instrument or of the Note or Guaranty secured hereby, the Beneficiary or his assigns may, upon written notice to Grantor, and without regard to the adequacy of security for the indebtedness secured, either personally or by attorney or agent without bringing any action or proceeding, or by a receiver to be appointed by the court, enter upon said property or any part thereof, and do any acts which Beneficiary deems proper to protect the security hereof, and collect and receive the rents, royalties, issues, and profits thereof, including rents accrued and unpaid, and apply the same, less costs of operation and collection, upon the indebtedness secured by this Deed of Trust, said rents, royalties, issues, and profits, being hereby assigned to Beneficiary as further security for the payment of such indebtedness. Exercise of rights under this paragraph shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice but shall be cumulative to any right and remedy to declare a default and to cause notice of default to be recorded as hereinafter provided, and cumulative to any other right and/or remedy hereunder, or provided by law, and may be exercised concurrently or independently. Expenses incurred by Beneficiary hereunder including reasonable attorneys' fees shall be secured hereby.

4.    The Grantor covenants and agrees that if it shall fail to pay said indebtedness, or any part thereof, when due, or shall fail to perform any covenant or agreement of this instrument or of the Note or Guaranty secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible, upon written notice to Grantor, at the option of the Beneficiary or assigns, regardless of maturity, and the Beneficiary or assigns may enter upon said property and collect the rents and profits thereof. Upon such default in payment or performance, and before or after such entry, the Trustee, acting in the execution of this Trust, shall have the power to sell said property, and, subject to the requirements of Arizona state law as it may exist at the time of default, it shall be the Trustee's duty to sell said property (and in case of any default of any purchaser, to resell) at public auction, to the highest bidder. The Beneficiary or any person on behalf of the Beneficiary may bid and purchase at such sale). Such sale will be held at a suitable place to be selected by the Beneficiary within said county or political subdivision. The Trustee is hereby authorized to execute and deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of default upon which the execution of the power of sale herein granted depends; and the said Grantor hereby constitutes and appoints the Trustee as its agent and attorney in fact to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be binding and conclusive

20040514068

upon the Grantor, and said conveyance shall be effectual to bar all equity or right of redemption, homestead, dower, right of appraisement, and all other rights and exemptions of the Grantor, all of which are hereby expressly waived and conveyed to the Trustee. In the event of a sale as hereinabove provided, the Grantor, or any person in possession under the Grantor, shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to all other remedies for the collection of said indebtedness. The Beneficiary or Assigns may take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

5.    In the event of a sale as provided in paragraph 4, the Trustee shall be paid a fee by the Beneficiary in an amount not in excess of one percent (1%) of the gross amount of said sale or sales, provided, however, that the amount of such fee shall be reasonable and shall be approved by the Beneficiary as to reasonableness. Said fee shall be in addition to the costs and expenses incurred by the Trustee in conducting such sale. The amount of such costs and expenses shall be deducted and paid from the sale's proceeds. It is further agreed that if said property shall be advertised for sale as herein provided and not sold, the Trustee shall be entitled to a reasonable fee, in an amount acceptable to the Beneficiary for the services rendered. The Trustee shall also be reimbursed by the Beneficiary for all costs and expenses incurred in connection with the advertising of said property for sale if the sale is not consummated.

6.    The proceeds of any sale of said property in accordance with paragraph 4 shall be applied first to payments of fees, costs, and expenses of said sale, the expenses incurred by the Beneficiary for the purpose of protecting or maintaining said property and reasonable attorneys' fees; secondly, to payment of the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

7.    In the event said property is sold pursuant to the authorization contained in this instrument or at a judicial foreclosure sale and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said Note, the Beneficiary will be entitled to a deficiency judgment for the amount of the deficiency without regard to appraisement, the Grantor having waived and assigned all rights of appraisement to the Trustee.

8.    The Grantor covenants and agrees as follows:

    a.    Grantor will promptly pay the indebtedness evidenced by said Note and Guaranty at the times and in the manner therein provided.

    b.    Grantor will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefor to the Beneficiary.

    c.    Grantor will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the Beneficiary for the collection of any or all of the indebtedness hereby secured, of such expenses and fees as may be incurred in any foreclosure sale by the Trustee, or court proceedings or in any other litigation or proceeding affecting said property, and attorneys' fees reasonably incurred in any other way.

20040514068

    d.    The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of the payment of the indebtedness evidenced by said note or any part thereof secured hereby.

    e.    Grantor will continuously maintain hazard insurance of such type or types and in such amounts as the Beneficiary may from time to time require, on the improvements now or hereafter on said property, and will pay promptly when due any premiums therefor. All insurance shall be carried in companies acceptable to Beneficiary and the policies and renewals thereof shall be held by Beneficiary and have attached thereto loss payable clauses in favor of and in form acceptable to the Beneficiary. In the event of loss, Grantor will give immediate notice in writing to Beneficiary and Beneficiary may make proof of loss if not made promptly by Grantor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Beneficiary instead of to Grantor and Beneficiary jointly, and the insurance proceeds, or any part thereof, may be applied by Beneficiary at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged. In the event of a Trustee's sale or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the Grantor in and to any insurance policies then in force shall pass at the option of the Beneficiary to the purchaser or Beneficiary.

    f.    Grantor will keep the said premises in as good order and condition as they are now and will not commit or permit any waste thereof, reasonable wear and tear excepted, and in the event of the failure of the Grantor to keep the buildings on said premises and those to be erected on said premises, or improvements thereon, in good repair, the Beneficiary may make such repairs as in the Beneficiary's discretion it may deem necessary for the proper preservation thereof, and any sums paid for such repairs shall bear interest from the date of payment at the rate specified in the Note, shall be due and payable on demand and shall be fully secured by this Deed of Trust.

    g.    Grantor will not without the prior written consent of the Beneficiary voluntarily create or permit to be created against the property subject to this Deed of Trust any liens inferior or superior to the lien of this Deed of Trust and further that he will keep and maintain the same free from the claim of all persons supplying labor or materials which will enter into the construction of any and all buildings now being erected or to be erected on said premises.

    h.    Grantor will not rent or assign any part of the rent of said property or demolish, remove, or substantially alter any building without the written consent of the Beneficiary.

    i.    Grantor will not give, grant, sell or convey said property to any party during the term. The Grantor covenants and agrees that if it shall give, grant, sell or convey said property to any party during the term, the entire indebtedness hereby secured shall immediately become due, payable, and collectible pursuant to the terms of Section 4 of this Deed of Trust.

9.    In the event the Grantor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged to the property hereinabove described, the Beneficiary is hereby authorized to pay the same and any sum so paid by the Beneficiary shall be added to and become a part of the principal amount of the indebtedness evidenced by said Note. If the Grantor shall pay and discharge the indebtedness evidenced by said Note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing and executing this Deed of Trust, then this Deed of Trust shall be canceled and surrendered.

10.    The Grantor covenants that it is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that

20040514068

it hereby bind itself and its successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the lawful claims of all persons whomsoever.

11.    For better security of the indebtedness hereby secured the Grantor, upon the request of the Beneficiary, its successors or assigns, shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired in connection therewith after the date hereof (all in form satisfactory to Grantee). Furthermore, should Grantor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, Grantor hereby agrees to permit Beneficiary to cure such default, but Beneficiary is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

12.    That all awards of damages in connection with any condemnation for public use of or injury to any of said property are hereby assigned and shall be paid to Beneficiary, who may apply the same to payment of the installments last due under said Note, and the Beneficiary is hereby authorized, in the name of the Grantor, to execute and deliver valid acquittances thereof and to appeal from any such award.

13.    The irrevocable right to appoint a substitute trustee or trustees is hereby expressly granted to the Beneficiary, it's successors or assigns, to be exercised at any time hereafter upon written notice to Grantor and without specifying any reason therefor, by filing for record in the office where this instrument is recorded an instrument of appointment. The Grantor and the Trustee herein named or that may hereinafter be substituted hereunder expressly waive notice of the exercise of this right as well as any requirement or application to any court for the removal, appointment or substitution of any trustee hereunder.

14.    Notice of the exercise of any option granted herein to the Beneficiary or to the holder of the Note secured hereby is not required to be given the Grantor, the Grantor having hereby waived such notice.

15.    If more than one person joins in the execution of this instrument as Grantor or if anyone so joined be of the feminine sex, the pronouns and relative words used herein shall be read as if written in the plural or feminine, respectively, and the term "Beneficiary" shall include any payee of the indebtedness hereby secured or any assignee or transferee thereof whether by operation of law or otherwise. The covenants herein contained shall bind and the rights herein granted or conveyed shall inure to the respective heirs, executors, administrators, successors, and assigns of the parties hereto.

16.    In compliance with section 101.1 (d) of the Rules and Regulations of the Small Business Administration [13 C.F.R. 101.1 (d)], this instrument is to be construed and enforced in accordance with applicable Federal law.

17.    A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

18.    The loan secured by this lien was made under a United States Small Business Administration (SBA) nationwide program which uses tax dollars to assist small business owners. If the United States is seeking to enforce this document, then under SBA regulations:

a) When SBA is the holder of the Note, this document and all documents evidencing or securing this Loan will be construed in accordance with federal law.

b) Lender or SBA may use local or state procedures for purposes such as filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using these procedures, SBA

20040514068

does not waive any federal immunity from local or state control, penalty, tax or liability. No Borrower or Guarantor may claim or assert against SBA any local or state law to deny any obligation of Borrower, or defeat any claim of SBA with respect to this Loan.

Any clause in this document requiring arbitration is not enforceable when SBA is the holder of the Note secured by this instrument.

20040514068

IN WITNESS WHEREOF, the Grantor has executed this instrument and the Trustee and Beneficiary have accepted the delivery of this instrument as of the day and year aforesaid.

Witnesses:

_____

_____

_____

_____

_____
Gary R. King

_____
Kathy E. King

STATE OF *ARIZONA*

COUNTY OF *MARICOPA*

I, the undersigned, a Notary Public of the County and State aforesaid, do hereby certify that *Gary R. King + Kathy E. King*, personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

WITNESS my hand and official seal this *7th* day of May, 2004.

_____
Notary Public

My Commission Expires:

*August 8, 2005*

OFFICIAL SEAL
ROSEMARY GANGEL
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Aug. 8, 2005

g:\1089\128\deed of trust guarantor -- Mesa

# **EXHIBIT 2**

2004-10107
Page 1 of
Requested By: ROBERT ROWLEY CHAPMAN
Navajo County Recorder - Laurette Justman
5-10 2004 03:10 PM Recording Fee $16.00

This instrument prepared by
and after recording return to:
Matthew H. Youmans
Levin, Ford & Paulekas, LLP
280 Trumbull Street
Hartford, CT 06103

# DEED OF TRUST

### (Participation)

THIS DEED OF TRUST, made as of this 10th day of May, 2004, by and between Gary R. King and Kathy E. King, **husband and wife**, hereinafter referred to as "Grantor", whose address is 1509 Mainline, Heber, Arizona 85928; **NCB, FSB**, hereinafter referred to as "Trustee", whose address is 139 South High Street, Hillsboro, Ohio 45133; and **National Cooperative Bank** hereinafter referred to as "Beneficiary", who maintains an office and place of business at 1725 Eye Street NW, Suite 600, Washington, DC 20006 in participation with the Small Business Administration, an agency of the United States.

WITNESSETH, that for and in consideration of $1.00 and other good and valuable consideration, receipt of which is hereby acknowledged, the Grantor does hereby bargain, sell, grant, assign, and convey unto the Trustee, his successors and assigns, all of the following described property situated and being in the County of Navajo, State of Arizona, known as 1509 Mainline, Heber, Arizona 85928, which is more particularly described as follows:

**Lot 39, of High Country Pine II-Unit 1, according to the plat of record in the Office of the County Recorder of Navajo County, Arizona, recorded in Book 18 of Maps, Pages 64-66.**

**Being the same property conveyed to Gary R. King and Kathy E. King, husband and wife from Paul A. Slater and Margie D. Slater, husband and wife by Warranty Deed dated 06/12/2003 and recorded 07/03/2003 in Instrument No. 2003-16093.**

**Tax Parcel No. 207-33-039.**

Together with and including all buildings, all fixtures, including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the Trustor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, and the rents, issues, and profits of the above described property. To have and to hold the same unto the Trustee, and the successors in interest of the Trustee, forever, in fee simple or such other estate, if any, as is stated here in trust, to secure the payment of a guaranty of a promissory note of this date, in the principal sum of SIX HUNDRED FORTY THOUSAND and 00/100 Dollars $640,000.00 signed by Gary R. King as a member of King's Ace Hardware, Inc. (the "Borrower") (the "Note"), which Note has a maturity date of May 10, 2014, as

2004-1010? 05-10-2004  Page 2 of 7

unconditionally guaranteed by the Grantor ("Guaranty"). A copy of the Note is attached as Exhibit A and incorporated herein. A copy of the Guaranty is attached as Exhibit B and incorporated herein.

1.    This conveyance is made upon and subject to the further trust that the said Grantor shall remain in quiet and peaceable possession of the above granted and described premises and take the profits thereof to Grantor's own use until default be made in any payment of an installment due on said note or in the performance of any of the covenants or conditions contained therein or in this Deed of Trust; and, also to secure the reimbursement of the Beneficiary or any other holder of said Note and Guaranty, the Trustee or any substitute trustee of any and all costs and expenses incurred, including reasonable attorneys' fees, on account of any litigation which may arise with respect to this Trust or with respect to the indebtedness evidenced by said note, the protection and maintenance of the property hereinabove described or in obtaining possession of said property after any sale which may be made as hereinafter provided.

2.    Upon the full payment of the indebtedness evidenced by said Note and Guaranty and the interest thereon, the payment of all other sums herein provided for, the repayment of all monies advanced or expended pursuant to said note or this instrument, and upon the payment of all other proper costs, charges, commissions, and expenses, the above described property shall be released and re-conveyed to and at the cost of the Grantor.

3.    Upon default in any of the covenants or conditions of this instrument or of the Note or Guaranty secured hereby, the Beneficiary or his assigns may, upon written notice to Grantor, and without regard to the adequacy of security for the indebtedness secured, either personally or by attorney or agent without bringing any action or proceeding, or by a receiver to be appointed by the court, enter upon said property or any part thereof, and do any acts which Beneficiary deems proper to protect the security hereof, and collect and receive the rents, royalties, issues, and profits thereof, including rents accrued and unpaid, and apply the same, less costs of operation and collection, upon the indebtedness secured by this Deed of Trust, said rents, royalties, issues, and profits, being hereby assigned to Beneficiary as further security for the payment of such indebtedness. Exercise of rights under this paragraph shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice but shall be cumulative to any right and remedy to declare a default and to cause notice of default to be recorded as hereinafter provided, and cumulative to any other right and/or remedy hereunder, or provided by law, and may be exercised concurrently or independently. Expenses incurred by Beneficiary hereunder including reasonable attorneys' fees shall be secured hereby

4.    The Grantor covenants and agrees that if it shall fail to pay said indebtedness, or any part thereof, when due, or shall fail to perform any covenant or agreement of this instrument or of the Note or Guaranty secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible, upon written notice to Grantor, at the option of the Beneficiary or assigns, regardless of maturity, and the Beneficiary or assigns may enter upon said property and collect the rents and profits thereof. Upon such default in payment or performance, and before or after such entry, the Trustee, acting in the execution of this Trust, shall have the power to sell said property, and, subject to the requirements of Arizona state law as it may exist at the time of default, it shall be the Trustee's duty to sell said property (and in case of any default of any purchaser, to resell) at public auction, to the highest bidder. The Beneficiary or any person on behalf of the Beneficiary may bid and purchase at such sale. Such sale will be held at a suitable place to be selected by the Beneficiary within said county or political subdivision. The Trustee is hereby authorized to execute and deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of default upon which the execution of the power of sale herein granted depends; and the said Grantor hereby constitutes and appoints the Trustee as its agent and attorney in fact to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be binding and conclusive upon the Grantor, and said conveyance shall be effectual to bar all equity or right of redemption.

2004-101497 05-10-2004    Page 3 of 7

homestead, dower, right of appraisement, and all other rights and exemptions of the Grantor, all of which are hereby expressly waived and conveyed to the Trustee. In the event of a sale as hereinabove provided, the Grantor, or any person in possession under the Grantor, shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to all other remedies for the collection of said indebtedness. The Beneficiary or Assigns may take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

5.    In the event of a sale as provided in paragraph 4, the Trustee shall be paid a fee by the Beneficiary in an amount not in excess of one percent (1%) of the gross amount of said sale or sales, provided, however, that the amount of such fee shall be reasonable and shall be approved by the Beneficiary as to reasonableness. Said fee shall be in addition to the costs and expenses incurred by the Trustee in conducting such sale. The amount of such costs and expenses shall be deducted and paid from the sale's proceeds. It is further agreed that if said property shall be advertised for sale as herein provided and not sold, the Trustee shall be entitled to a reasonable fee, in an amount acceptable to the Beneficiary for the services rendered. The Trustee shall also be reimbursed by the Beneficiary for all costs and expenses incurred in connection with the advertising of said property for sale if the sale is not consummated.

6.    The proceeds of any sale of said property in accordance with paragraph 4 shall be applied first to payments of fees, costs, and expenses of said sale, the expenses incurred by the Beneficiary for the purpose of protecting or maintaining said property and reasonable attorneys' fees; secondly, to payment of the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

7.    In the event said property is sold pursuant to the authorization contained in this instrument or at a judicial foreclosure sale and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said Note, the Beneficiary will be entitled to a deficiency judgment for the amount of the deficiency without regard to appraisement, the Grantor having waived and assigned all rights of appraisement to the Trustee.

8.    The Grantor covenants and agrees as follows:

    a.    Grantor will promptly pay the indebtedness evidenced by said Note and Guaranty at the times and in the manner therein provided.

    b.    Grantor will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefor to the Beneficiary.

    c.    Grantor will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the Beneficiary for the collection of any or all of the indebtedness hereby secured, of such expenses and fees as may be incurred in any foreclosure sale by the Trustee, or court proceedings or in any other litigation or proceeding affecting said property, and attorneys' fees reasonably incurred in any other way.

    d.    The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of the payment of the indebtedness evidenced by said note or any part thereof secured hereby.

0904-10107 05-10-2004  Page 4 of 7

e.      Grantor will continuously maintain hazard insurance of such type or types and in such amounts as the Beneficiary may from time to time require, on the improvements now or hereafter on said property, and will pay promptly when due any premiums therefor. All insurance shall be carried in companies acceptable to Beneficiary and the policies and renewals thereof shall be held by Beneficiary and have attached thereto loss payable clauses in favor of and in form acceptable to the Beneficiary. In the event of loss, Grantor will give immediate notice in writing to Beneficiary and Beneficiary may make proof of loss if not made promptly by Grantor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Beneficiary instead of to Grantor and Beneficiary jointly, and the insurance proceeds, or any part thereof, may be applied by Beneficiary at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged. In the event of a Trustee's sale or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the Grantor in and to any insurance policies then in force shall pass at the option of the Beneficiary to the purchaser or Beneficiary.

f.      Grantor will keep the said premises in as good order and condition as they are now and will not commit or permit any waste thereof, reasonable wear and tear excepted, and in the event of the failure of the Grantor to keep the buildings on said premises and those to be erected on said premises, or improvements thereon, in good repair, the Beneficiary may make such repairs as in the Beneficiary's discretion it may deem necessary for the proper preservation thereof, and any sums paid for such repairs shall bear interest from the date of payment at the rate specified in the Note, shall be due and payable on demand and shall be fully secured by this Deed of Trust.

g.      Grantor will not without the prior written consent of the Beneficiary voluntarily create or permit to be created against the property subject to this Deed of Trust any liens inferior or superior to the lien of this Deed of Trust and further that he will keep and maintain the same free from the claim of all persons supplying labor or materials which will enter into the construction of any and all buildings now being erected or to be erected on said premises.

h.      Grantor will not rent or assign any part of the rent of said property or demolish, remove, or substantially alter any building without the written consent of the Beneficiary.

i.      Grantor will not give, grant, sell or convey said property to any party during the term. The Grantor covenants and agrees that if it shall give, grant, sell or convey said property to any party during the term, the entire indebtedness hereby secured shall immediately become due, payable, and collectible pursuant to the terms of Section 4 of this Deed of Trust.

9.      In the event the Grantor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged to the property hereinabove described, the Beneficiary is hereby authorized to pay the same and any sum so paid by the Beneficiary shall be added to and become a part of the principal amount of the indebtedness evidenced by said Note. If the Grantor shall pay and discharge the indebtedness evidenced by said Note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing and executing this Deed of Trust, then this Deed of Trust shall be canceled and surrendered.

10.     The Grantor covenants that it is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that it hereby bind itself and its successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the lawful claims of all persons whomsoever.

2004-10107  05-10-2004  Page 5 of 5

11.     For better security of the indebtedness hereby secured the Grantor, upon the request of the Beneficiary, its successors or assigns, shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired in connection therewith after the date hereof (all in form satisfactory to Grantee). Furthermore, should Grantor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, Grantor hereby agrees to permit Beneficiary to cure such default, but Beneficiary is not obligated to do so; and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions.

12.     That all awards of damages in connection with any condemnation for public use of or injury to any of said property are hereby assigned and shall be paid to Beneficiary, who may apply the same to payment of the installments last due under said Note, and the Beneficiary is hereby authorized, in the name of the Grantor, to execute and deliver valid acquittances thereof and to appeal from any such award.

13.     The irrevocable right to appoint a substitute trustee or trustees is hereby expressly granted to the Beneficiary, it's successors or assigns, to be exercised at any time hereafter upon written notice to Grantor and without specifying any reason therefor, by filing for record in the office where this instrument is recorded an instrument of appointment. The Grantor and the Trustee herein named or that may hereinafter be substituted hereunder expressly waive notice of the exercise of this right as well as any requirement or application to any court for the removal, appointment or substitution of any trustee hereunder.

14.     Notice of the exercise of any option granted herein to the Beneficiary or to the holder of the Note secured hereby is not required to be given the Grantor, the Grantor having hereby waived such notice.

15.     If more than one person joins in the execution of this instrument as Grantor or if anyone so joined be of the feminine sex, the pronouns and relative words used herein shall be read as if written in the plural or feminine, respectively, and the term "Beneficiary" shall include any payee of the indebtedness hereby secured or any assignee or transferee thereof whether by operation of law or otherwise. The covenants herein contained shall bind and the rights herein granted or conveyed shall inure to the respective heirs, executors, administrators, successors, and assigns of the parties hereto.

16.     In compliance with section 101.1 (d) of the Rules and Regulations of the Small Business Administration [13 C.F.R. 101.1 (d)], this instrument is to be construed and enforced in accordance with applicable Federal law.

17.     A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

18.     The loan secured by this lien was made under a United States Small Business Administration (SBA) nationwide program which uses tax dollars to assist small business owners. If the United States is seeking to enforce this document, then under SBA regulations:

a) When SBA is the holder of the Note, this document and all documents evidencing or securing this Loan will be construed in accordance with federal law.

b) Lender or SBA may use local or state procedures for purposes such as filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using these procedures, SBA does not waive any federal immunity from local or state control, penalty, tax or liability. No Borrower or Guarantor may claim or assert against SBA any local or state law to deny any obligation of Borrower, or defeat any claim of SBA with respect to this Loan.

Any clause in this document requiring arbitration is not enforceable when SBA is the holder of the Note secured by this instrument.

2008-10107 05-10-2004   Page 7 of 7

IN WITNESS WHEREOF, the Grantor has executed this instrument and the Trustee and Beneficiary have accepted the delivery of this instrument as of the day and year aforesaid.

Witnesses:

_____

Rosemary Gangel

_____

Rosemary Gangel

_____
Gary R. King

_____
Kathy E. King

STATE OF ARIZONA

COUNTY OF MARICOPA

I, the undersigned, a Notary Public of the County and State aforesaid, do hereby certify that Gary F. King & Kathy E. King , personally appeared before me this day and acknowledged the due execution of the foregoing instrument.

WITNESS my hand and official seal this 7th day of May, 2004.

_____
Notary Public

My Commission Expires:

August 8, 2005

OFFICIAL SEAL
ROSEMARY GANGEL
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Aug. 8, 2005

e 1089-12b Deed of Trust guarantee  Heller

# **EXHIBIT 3**

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
ADRIAN FONTES
20180003472  01/03/2018  09:52
PAPER RECORDING

Loan No: **GP 735 666 4008 PHX**

0004965-2-1-1
Hoyp

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:

David Schallich, SVP
National Cooperative Bank, N.A.
2011 Crystal Drive, Suite 800
Arlington, VA 22202

---

Space Above This Line for Recorder's Use

Tax Parcel No.: 141-71-041

## ASSIGNMENT OF
## DEED OF TRUST

FOR VALUE RECEIVED, the undersigned grants, assigns and transfers to the U.S. Small Business Administration, a United States government independent agency, all beneficial interest under that certain DEED OF TRUST (Participation) (the "Deed of Trust") dated as of May 10, 2004, executed by Gary R. King and Kathy E. King, husband and wife, for the benefit of NCB, FSB as "Trustee", and recorded in the office of the County Recorder of Maricopa County, Arizona as Instrument Number 2004-0514068, describing land therein as:

**Lot Forty-one (41), AMENDED SKYWAY VILLAGE UNIT ONE, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, in Book 78 of Maps, page 31.**

**Being the same property conveyed to Gary R. King and Kathy E. King, husband and wife, from Williams Development Co., Inc., an Arizona corporation by Joint Tenancy Deed dated October 1, 1986, and recorded October 8, 1986 in Instrument No. 86-551643.**

**Tax Parcel No. 141-71-041**

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under the Deed of Trust.

.

DATE: _December 27_, 2017

**National Consumer Cooperative Bank**
**f/k/a National Cooperative Bank**

By: _____

Name: David Schallich

Title: Senior Vice President


COMMONWEALTH OF VIRGINIA    )
                            ) ss.  Arlington
COUNTY OF ARLINGTON         )


      On this the ___ day of December, 2017, before me, the undersigned officer, personally appeared David Schallich, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged himself to be a Senior Vice President of National Consumer Cooperative Bank, and that he, as such officer, being authorized so to do, executed the foregoing instrument as the free act and deed of the company for the purposes contained therein by signing the name of the company by himself as such officer.

[Affix Notarial Seal]

Christiane Weber Hirt
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7095550
Commission Exp. 3/31/2019

Print name: _____
Notary Public
My Commission Expires

5

2018-00118
Page 1 of 2
Requested By: Jordan Mandras
Navajo County Recorder - Doris Clark
01-03-2018  02:30 PM  Recording Fee $10.00

Loan No: **GP 735 666 4008 PHX**

RECORDING REQUESTED BY AND
WHEN RECORDED MAIL TO:

David Schallich, SVP
National Cooperative Bank, N.A.
2011 Crystal Drive, Suite 800
Arlington, VA 22202

_____  Space Above This Line for Recorder's Use  _____

Tax Parcel No.: **207-33-039**



## ASSIGNMENT OF
## DEED OF TRUST

FOR VALUE RECEIVED, the undersigned grants, assigns and transfers to the U.S. Small Business Administration, a United States government independent agency, all beneficial interest under that certain DEED OF TRUST (Participation) (the "Deed of Trust") dated as of May 10, 2004, executed by Gary R. King and Kathy E. King, husband and wife, for the benefit of NCB, FSB as "Trustee", and recorded in the office of the County Recorder of Navajo County, Arizona as Instrument Number 2004-10107, describing land therein as:

**Lot 39, of High Country Pine II-Unit 1, according to the plat of record in the Office of the County Recorder of Navajo County, Arizona, recorded in Book 18 of Maps, Pages 64-66.**

**Being the same property conveyed to Gary R. King and Kathy E. King, husband and wife from Paul A. Slater and Margie D. Slater, husband and wife by Warranty Deed dated 06/12/2003 and recorded 07/03/2003 in Instrument No. 2003-16093.**

**Tax Parcel No. 207-33-039.**

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under the Deed of Trust.

2018-00118   01-03-2018   Page 2 of 2

DATE: _December 27, 2017

**National Consumer Cooperative Bank**
**f/k/a National Cooperative Bank**

By: _____
Name: David Schallich
Title: Senior Vice President

COMMONWEALTH OF VIRGINIA    )
                               ) ss.   Arlington

COUNTY OF ARLINGTON        )

         On this the ___ day of December, 2017, before me, the undersigned officer, personally appeared David Schallich, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged himself to be a Senior Vice President of National Consumer Cooperative Bank, and that he, as such officer, being authorized so to do, executed the foregoing instrument as the free act and deed of the company for the purposes contained therein by signing the name of the company by himself as such officer.

Print name: _____
Notary Public
My Commission Expires

[Affix Notarial Seal]

Christiane Weber Hirt
NOTARY PUBLIC
Commonwealth of Virginia
Reg. #7095550
Commission Exp. 3/31/2019

# **EXHIBIT 4**

**B18 (Official Form 18) (12/07)**

# United States Bankruptcy Court

### District of Arizona
### Case No. <u>2:11−bk−01747−RJH</u>
### Chapter 7

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

| | |
|---|---|
| GARY ROBERT KING | KATHY EILEEN KING |
| 6417 E RUSTIC DR | 6417 E RUSTIC DR |
| MESA, AZ 85215 | MESA, AZ 85215 |

Social Security / Individual Taxpayer ID No.:

xxx−xx−■■■■           xxx−xx−■■■■

Employer Tax ID / Other nos.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: <u>5/9/11</u>                    <u>Randolph J. Haines</u>
                                        United States Bankruptcy Judge

### SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts That are Not Discharged

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
District of Arizona

In re:                                                                Case No. 11-01747-RJH
GARY ROBERT KING                                                      Chapter 7
KATHY EILEEN KING
        Debtors

**CERTIFICATE OF NOTICE**

District/off: 0970-2          User: admin          Page 1 of 2              Date Rcvd: May 09, 2011
                              Form ID: b18         Total Noticed: 36

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 11, 2011.
```
db/jdb     +GARY ROBERT KING,   KATHY EILEEN KING,   6417 E RUSTIC DR,   MESA, AZ 85215-2939
tr         +DAVID A. BIRDSELL,   216 N. CENTER,   MESA, AZ 85201-6629
10048522   +ACE HARDWARE,   2200 KENSINGTON COURT,   OAK BROOK, IL 60523-2100
10048523   +ACTIVANT,   804 LAS CIMAS PKWY STE 200,   AUSTIN, TX 78746-5179
10048526   +BOATES LAW FIRM,   42104 NORTH VENTURE DRIVE SUITE D126,   ANTHEM, AZ 85086-3838
10048527   +CHASE,   BOX 10069,   SCOTTSDALE, AZ 85271-0069
10048529   +DALE THOMAS & ASSOCIATES,   ACCT NO. 68015,   2523 BAMBERRY DRIVE,   FT. WORTH, TX 76133-5815
10048530    FENNEMORE CRAIG, P.C.,   A. JOSEPH CHANDLER,   3003 NORTH CENTRAL AVENUE SUITE 2600,
             PHOENIX, AZ 85012-2913
10048532    GMAC,   BOX 4622,   WATERLOO, IA 50704-4622
10079198   +GMAC Mortgage, LLC,   c/o Pite Duncan, LLP,   4375 Jutland Drive, suite 200,   P.O. Box 17933,
             San Diego, CA 92177-7921
10048533   +GURSTEL CARGO,   64 EAST BROADWAY ROAD SUITE 255,   TEMPE, AZ 85282-1398
10048534   +HANNAY INVESTMENT PROPERTIES,   2999 44TH ST   STE 400,   PHOENIX, AZ 85018-7251
10048535   +HILLMAN FASTENER /HILLMAN GROUP, INC,   400 W. CUMMINS PARK STE 4450,   WOBURN, MA 01801-6594
10048537    JOBING.COM,   BOX 29386,   PHX, AZ 85038-9386
10048538    LAW OFFICES OF HAROLD E. SCHERR, P.A.,   CACH, LLC,   1064 GREENWOOD BLVD SUITE 328,
             LAKE MARY, FL 32746-5419
10048539   +MESA MOON,   1062 N. 24TH ST,   MESA, AZ 85213-5203
10048540   +NATIONAL HIGH SCHOOL PRINTING,   ASSOCIATION,   7704 TRINITY BLVD,   FT. WORTH, TX 76118-6901
10048541    NAVAJO CAUNTY TREASURER,   MANNY HERNANDEZ,   PO BOX 668,   HOLBROCK, AZ 86025-0668
10048542   +NCB BANK,   2011 CRYSTAL DR.  STE 800,   ARLINGTON, VA 22202-3734
10048543    PINE COUNTRY C/O THE OSSELAER COMPANY,   PO BOX 62525,   PHOENIX, AZ 85082-2525
10048544   +RMC RECEIVABLE MANAGEMENT CORPORATION,   400 WEST CUMMINGS PARK STE 4450,   WOBURN, MA 01801-6594
10048545   +SCP ARIZONA,   3030 N. 3RD STREET,   PHOENIX, AZ 85012-3074
10048546    SCP DISTRIBUTORS, LLC,   BOX 68054,   ANAHEIM, CA 92817-0854
10048547    SERVICE TOOL CO., LLC,   PO BOX 12240,   NEW IBERIA, LA 70562-2240
10048548   +THE SCREEN COMPANY OF AMERICA,   3120 W. CAREFREE HIGHWAY STE #1 PMB #236,   PHX, AZ 85086-3202
10048553   +ZWICKER & ASSOCIATES,   PO BOX 10069,   SCOTTSDALE, AZ 85271-0069

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg         EDI: AZDEPREV.COM May 09 2011 23:33:00   AZ DEPARTMENT OF REVENUE,   BANKRUPTCY & LITIGATION,
             1600 W. MONROE, 7TH FL.,   PHOENIX, AZ 85007-2650
10048524   +EDI: AMEREXPR.COM May 09 2011 23:33:00   AMERICAN EXPRESS,   PO BOX 981537,
             EL PASO, TX 79998-1537
10361553   +EDI: ATLASACQU.COM May 09 2011 23:33:00   Atlas Acquisitions LLC,   294 Union St.,
             Hackensack, NJ 07601-4303
10048525    EDI: BANKAMER.COM May 09 2011 23:33:00   BANK OF AMERICA,   BOX 15710,
             WILMINGTON, DE 19886-5710
10048528    EDI: CHASE.COM May 09 2011 23:33:00   CHASE,   BOX 260161,   BATON ROUGE, LA 70826-0161
10048531    EDI: BANKAMER.COM May 09 2011 23:33:00   FIA CARD,   BOX 15710,   WILMINGTON, DE 19886-5710
10048536    EDI: IRS.COM May 09 2011 23:33:00   INTERNAL REVENUE SERVICE,   POB 7346,
             PHILADELPHIA, PA 19101-7346
10048549   +E-mail/Text: pdeling@sba.gov May 09 2011 23:58:54   US SMALL BUSINESS ADMINISTATION,
             801 TOM MARTIN DRIVE SUITE 120,   BIRMINGHAM, AL 35211-6424
10048550   +EDI: WFFC.COM May 09 2011 23:33:00   WELLS FARGO,   PO BOX 348750,   SACRAMENTO, CA 95834-8750
10048552   +EDI: WFFC.COM May 09 2011 23:33:00   WELLS FARGO,   PO BOX 94423,   ALBUQUERQUE, NM 87199-4423
                                                                                 TOTAL: 10

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr          GMAC MORTGAGE, LLC
cr*        +++Atlas Acquisitions LLC,   294 Union St.,   Hackensack, NJ 07601-4303
10048551*  +WELLS FARGO,   BOX 348750,   SACRAMENTO, CA 95834-8750
                                                                           TOTALS: 1, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '+++' were transmitted to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(e).

```
District/off: 0970-2        User: admin              Page 2 of 2              Date Rcvd: May 09, 2011
                           Form ID: b18             Total Noticed: 36
```

```
          ***** BYPASSED RECIPIENTS (continued) *****
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: May 11, 2011**                    **Signature:** _Joseph Speetjens_

# **EXHIBIT 5**

76697

**HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 9999 | | U.S. Small Business Administration | | | | Check Date: 12/18/2023 | Check Number: 76697 | |
| Date | INV # | Client | Matter | Atty | EXP | Description | GL Acct | Amount |
| 12/18/23 | 23538-00 | 23538 | 00 | JL | MISC | Deed of Release Navajo | 12450000 | 5.00 |

Check Amount:                    $5.00

**HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**
GENERAL OPERATING ACCOUNT
14500 N NORTHSIGHT BLVD, SUITE 101
SCOTTSDALE, AZ 85260
PH. (480) 991-9077

76697

76697

**First Fidelity Bank**
1-800-299-7047
www.ffb.com
39-269/1030

**FIVE AND 00/100 DOLLARS**

DATE            AMOUNT
12/18/2023      $5.00

PAY
TO THE
ORDER
OF

U.S. Small Business Administration

AUTHORIZED SIGNATURE

⑈076697⑈

**WHEN RECORDED MAIL TO:**

John L. Lohr, Jr.
HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
14500 N. Northsight Blvd., Suite 101
Scottsdale, AZ 85260

_____

### DEED OF RELEASE AND RECONVEYANCE
(Exempt pursuant to A.R.S. § 11-1134(B)(1) - Beneficiary)

WHEREAS, the undersigned, being the present Beneficiary under that certain Deed of Trust executed by Trustors, Gary R. King and Kathy E. King, wherein National Cooperative Bank as the, Beneficiary recorded on May 10, 2004, Recording Number 2004-0514068 of the Official Records of Maricopa County, Arizona, and in which beneficial interest was assigned to the U.S. Small Business Administration through the Assignment of Deed of Trust dated December 27, 2017 and recorded on January 3, 2018, Recording Number 2018-0003472 with the Official Records of Maricopa County, Arizona.

NOW, THEREFORE, pursuant to the provisions of Arizona Revised Statue Section 33-707A, which make it unnecessary for the Trustee to join in this document, the Beneficiary, U.S. Small Business Administration, under said Deed of Trust does hereby release and reconvey, without covenant or warranty, express or implied, unto the parties legally entitled thereto all right, title and interest which was heretofore acquired by said Beneficiary under said Deed of Trust, in and to that real property described as follows:

**Lot 41, Amended Skyway Village Unit One, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, in Book 78**

**Parcel No: 141-71-041; Address:  6417 E Rustic Drive, Mesa, AZ 85215**

DATED this _____ day of _____, 202__.

U.S. Small Business Administration, as Beneficiary

By: _____

Its: _____

STATE OF                )
                                ) ss.
COUNTY OF           )

       On this _____ day of _____, 202__, before me, the undersigned Notary Public, personally appeared _____, who executed and acknowledged this Deed of Release and Reconveyance to be the free and voluntary act and deed of U.S. Small Business Administration, as current Beneficiary of the Deed of Trust for the Property at 6417 E Rustic Drive, Mesa, AZ 85215, Parcel No. 141-71-041, for the uses and purposes therein mentioned, and who acknowledged the foregoing instrument as Beneficiary.


My Commission Expires:                  _____

                                            Notary Public


                                            (Notary Seal)

# **EXHIBIT 6**

76699

**HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**

| 9999 | National Cooperative Bank | | | | | Check Date: 12/18/2023 | Check Number: 76699 | |
|------|------|------|------|------|------|------|------|------|
| Date | INV # | Client | Matter | Atty | EXP | Description | GL Acct | Amount |
| 12/18/23 | 23538-00 | 23538 | 00 | JL | MISC | Deed of Release Navajo | 12450000 | 5.00 |

Check Amount: $5.00

---

76699

76699

**HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**
GENERAL OPERATING ACCOUNT
14500 N NORTHSIGHT BLVD, SUITE 101
SCOTTSDALE, AZ 85260
PH. (480) 991-9077

**First Fidelity Bank**
1-800-299-7647
www.ffb.com
39-269/1030

**FIVE AND 00/100 DOLLARS**

| DATE | AMOUNT |
|------|--------|
| 12/18/2023 | $5.00 |

PAY
TO THE    National Cooperative Bank
ORDER
OF

AUTHORIZED SIGNATURE

⑈076699⑈

**WHEN RECORDED MAIL TO:**

John L. Lohr, Jr.
HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
14500 N. Northsight Blvd., Suite 101
Scottsdale, AZ 85260

_____

### DEED OF RELEASE AND RECONVEYANCE
(Exempt pursuant to A.R.S. § 11-1134(B)(1) - Beneficiary)

WHEREAS, the undersigned, being the present Beneficiary under that certain Deed of Trust executed by Trustors, Gary R. King and Kathy E. King, wherein National Cooperative Bank as the, Beneficiary recorded on May 10, 2004, Recording Number 2004-0514068 of the Official Records of Maricopa County, Arizona, and in which beneficial interest was assigned to the U.S. Small Business Administration through the Assignment of Deed of Trust dated December 27, 2017 and recorded on January 3, 2018, Recording Number 2018-0003472 with the Official Records of Maricopa County, Arizona.

NOW, THEREFORE, pursuant to the provisions of Arizona Revised Statue Section 33-707A, which make it unnecessary for the Trustee to join in this document, the Beneficiary, National Cooperative Bank, under said Deed of Trust does hereby release and reconvey, without covenant or warranty, express or implied, unto the parties legally entitled thereto all right, title and interest which was heretofore acquired by said Beneficiary under said Deed of Trust, in and to that real property described as follows:

**Lot 41, Amended Skyway Village Unit One, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, in Book 78**

**Parcel No: 141-71-041; Address:  6417 E Rustic Drive, Mesa, AZ 85215**

DATED this _____ day of _____, 202__.

National Cooperative Bank, as Beneficiary

By: _____

Its: _____

STATE OF               )
                            ) ss.
COUNTY OF         )

        On this _____ day of _____, 202__, before me, the undersigned Notary Public, personally appeared _____, who executed and acknowledged this Deed of Release and Reconveyance to be the free and voluntary act and deed of National Cooperative Bank, as Beneficiary of the Deed of Trust for the Property at 6417 E Rustic Drive, Mesa, AZ 85215, Parcel No. 141-71-041, for the uses and purposes therein mentioned, and who acknowledged the foregoing instrument as Beneficiary.

My Commission Expires:              _____

                                       Notary Public

                                       (Notary Seal)

# EXHIBIT 7

**HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**

76698

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 9999 | | U.S. Small Business Administration | | | | Check Date: 12/18/2023 | Check Number:76698 | |
| Date | INV # | Client | Matter | Atty | EXP | Description | GL Acct | Amount |
| 12/18/23 | 23538-00 | 23538 | 00 | JL | MISC | Deed of Release | 12450000 | 5.00 |

Check Amount:                    $5.00

**HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**
GENERAL OPERATING ACCOUNT
14500 N NORTHSIGHT BLVD, SUITE 101
SCOTTSDALE, AZ 85260
PH. (480) 991-9077

**First Fidelity Bank**
1-800-299-7047
www.ffb.com
39-269/1030

76698

76698

**FIVE AND 00/100 DOLLARS**

DATE                    AMOUNT
12/18/2023              $5.00

PAY
TO THE
ORDER
OF

U.S. Small Business Administration

AUTHORIZED SIGNATURE

⑈076698⑈

**WHEN RECORDED MAIL TO:**

John L. Lohr, Jr.
HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
14500 N. Northsight Blvd., Suite 101
Scottsdale, AZ 85260

---

## DEED OF RELEASE AND RECONVEYANCE
(Exempt pursuant to A.R.S. § 11-1134(B)(1) - Beneficiary)

WHEREAS, the undersigned, being the present Beneficiary under that certain Deed of Trust executed by Trustors, Gary R. King and Kathy E. King, wherein National Cooperative Bank as the, Beneficiary recorded on May 10, 2004, Recording Number 2004-10107 of the Official Records of Navajo County, Arizona, and in which beneficial interest was assigned to the U.S. Small Business Administration through the Assignment of Deed of Trust dated December 27, 2017 and recorded on January 3, 2018, Recording Number 2018-00118 with the Official Records of Navajo County, Arizona.

NOW, THEREFORE, pursuant to the provisions of Arizona Revised Statue Section 33-707A, which make it unnecessary for the Trustee to join in this document, the Beneficiary, U.S. Small Business Administration, under said Deed of Trust does hereby release and reconvey, without covenant or warranty, express or implied, unto the parties legally entitled thereto all right, title and interest which was heretofore acquired by said Beneficiary under said Deed of Trust, in and to that real property described as follows:

**Lot 39, HIGH COUNTRY PINES II, Unit I, according to Book 18 of Maps, pages 64 through 66, records of Navajo County, Arizona.**

**Parcel No: 207-33-039; Address:  1514 Mainline Road, Herber-Overgaard, AZ 85928**

DATED this _____ day of _____, 202__.

U.S. Small Business Administration, as Beneficiary

By: _____

Its: _____

Page 1 of 2

STATE OF                         )
                                 ) ss.
COUNTY OF                        )

      On this _____ day of _____, 202\_\_, before me, the undersigned Notary Public, personally appeared _____, who executed and acknowledged this Deed of Release and Reconveyance to be the free and voluntary act and deed of U.S. Small Business Administration, as Beneficiary of the Deed of Trust for the Property at 1514 Mainline Road, Herber-Overgaard, AZ 85928, Parcel No. 207-33-039, for the uses and purposes therein mentioned, and who acknowledged the foregoing instrument as Beneficiary.

My Commission Expires:                    _____
                                          Notary Public


                                          (Notary Seal)

23538-00:CDR 2721155v1

# **EXHIBIT 8**

76700

**HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**

| 9999 | | National Cooperative Bank | | | | Check Date: 12/18/2023 | Check Number: | 76700 |

| Date | INV # | Client | Matter | Atty | EXP | Description | GL Acct | Amount |
|------|-------|--------|--------|------|-----|-------------|---------|--------|
| 12/18/23 | 23538-00 | 23538 | 00 | JL | MISC | Deed of Release | 12450000 | 5.00 |

Check Amount: $5.00

76700

**HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC**
GENERAL OPERATING ACCOUNT
14500 N NORTHSIGHT BLVD, SUITE 101
SCOTTSDALE, AZ 85260
PH. (480) 991-9077

**First Fidelity Bank**
1-800-299-7047
www.ffb.com
39-269/1030

76700

**FIVE AND 00/100 DOLLARS**

| | DATE | AMOUNT |
|---|------|--------|
| | 12/18/2023 | $5.00 |

PAY
TO THE
ORDER
OF    National Cooperative Bank

AUTHORIZED SIGNATURE

⑈076700⑈

**WHEN RECORDED MAIL TO:**

John L. Lohr, Jr.
HYMSON GOLDSTEIN PANTILIAT & LOHR, PLLC
14500 N. Northsight Blvd., Suite 101
Scottsdale, AZ 85260

---

## DEED OF RELEASE AND RECONVEYANCE
(Exempt pursuant to A.R.S. § 11-1134(B)(1) - Beneficiary)

WHEREAS, the undersigned, being the present Beneficiary under that certain Deed of Trust executed by Trustors, Gary R. King and Kathy E. King, wherein National Cooperative Bank as the, Beneficiary recorded on May 10, 2004, Recording Number 2004-10107 of the Official Records of Navajo County, Arizona, and in which beneficial interest was assigned to the U.S. Small Business Administration through the Assignment of Deed of Trust dated December 27, 2017 and recorded on January 3, 2018, Recording Number 2018-00118 with the Official Records of Navajo County, Arizona.

NOW, THEREFORE, pursuant to the provisions of Arizona Revised Statue Section 33-707A, which make it unnecessary for the Trustee to join in this document, the Beneficiary, National Cooperative Bank, under said Deed of Trust does hereby release and reconvey, without covenant or warranty, express or implied, unto the parties legally entitled thereto all right, title and interest which was heretofore acquired by said Beneficiary under said Deed of Trust, in and to that real property described as follows:

**Lot 39, HIGH COUNTRY PINES II, Unit I, according to Book 18 of Maps, pages 64 through 66, records of Navajo County, Arizona.**

**Parcel No: 207-33-039; Address:  1514 Mainline Road, Herber-Overgaard, AZ 85928**

DATED this _____ day of _____, 202__.

National Cooperative Bank, as Beneficiary

By: _____

Its: _____

23538-00:CDR 2721154v1

STATE OF                     )

                                    ) ss.

COUNTY OF                 )

      On this _____ day of _____, 202__, before me, the undersigned Notary Public, personally appeared _____, who executed and acknowledged this Deed of Release and Reconveyance to be the free and voluntary act and deed of National Cooperative Bank, as Beneficiary of the Deed of Trust for the Property at 1514 Mainline Road, Herber-Overgaard, AZ 85928, Parcel No. 207-33-039, for the uses and purposes therein mentioned, and who acknowledged the foregoing instrument as Beneficiary.

My Commission Expires:                _____

                                            Notary Public

                                            (Notary Seal)

23538-00:CDR 2721154v1